IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

FILED
NOV 0 9 2007
US DISTRICT COURT
MARTINSBURG, WV 25401

KARA KOWALSKI

    Plaintiff,

vs.

CIVIL ACTION NO. 3:07CV147

BERKELEY COUNTY SCHOOLS, a public school district, and
MANNY P. ARVON, II, Superintendent, in his official capacity,
RONALD STEPHENS, Principal, in his official capacity and individually,
BECKY J. HARDEN, Vice Principal, in her official capacity and individually,
BUFFY ASHCRAFT, cheerleading coach, in her official capacity and individually
RICK DEUELL, Assistant Superintendent, in his official capacity,

    Defendants.

## COMPLAINT

COMES NOW, your Plaintiff, Kara Kowalski, and for her Complaint says as follows:

### JURISDICTION

1. This Court has jurisdiction pursuant to the First, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States; the Civil Rights Act of 1871, 42 U.S.C. §1983; 28 U.S.C. §1331 and §1343. Declaratory relief is authorized by 28 U.S.C. §2201 and §2202.

2. This Court has pendant jurisdiction pursuant to W.Va. Code § 18-20-1 *et seq.* and W.Va. Code § 55-13-1 *et seq.* (West Virginia Declaratory Judgment Act) and under the common law of West Virginia.

### Parties

3. That Plaintiff is a bona fide resident of Berkeley County, West Virginia

4. That the Plaintiff is a 2006 graduate of Musselman High School, Berkeley County,

West Virginia and was an adult and a student at Mussselman High School at all times pertinent hereto.

5. That the Defendant Berkeley County Schools is a public school district doing business in Berkeley County, West Virginia.

6. That the Defendant Manny P. Arvon, II, is employed as Superintendent of schools by the Defendant Berkeley County Schools and whose place of residence is unknown.

7. That the Defendant Ronald Stephens is and was employed as a school principal by the Defendant Berkeley County Schools and whose place of residence is unknown.

8. That the Defendant Becky J. Harden is and was employed as a Vice Principal by the Defendant Berkeley County Schools and whose place of residence is unknown.

9. That the Defendant Buffy Ashcraft is and was employed as a teacher and cheerleading coach by the Defendant Berkeley County Board of Education and whose place of residence is unknown.

10. That the Defendant Rick Deuell an assistant superintendent of the Berkeley County Board of Education at all times pertinent hereto and whose place of residence is unknown.

### Factual Allegations

11. That on or about December 1, 2005, Plaintiff, at home on her home computer, created a MySpace.com group and invited friends to join the public membership group which is accessed as a webpage on the internet.

12. That by creating the group, Plaintiff became what MySpace.com refers to as the "moderator".

13. That anyone joining such group is able to post comments and/or pictures on the group page without permission from or the knowledge of the moderator.

14. That on or about December 1, 2005 a friend who was invited to join the said MySpace group logged in and accessed the group website and, without Plaintiff's knowledge, posted pictures of a fellow student which he had altered.

15. That on or about December 1, 2007 the friend who posted the altered picture received a complaint about the picture and thereafter removed the posted picture or pictures.

16. That on or about December 2, 2005 the student whose picture had been altered and posted complained to the principal of Musselman High School, Ronald Stephens.

17. That at no time prior to the removal of the picture did the Plaintiff have any knowledge of the posting of the picture or in any way sanction or participate in the posting of the picture or any comments on the webpage.

18. That on or about December 2, 2005 the Plaintiff received a disciplinary referral from Becky J. Harden, vice principal, and was suspended from school on the grounds that she had allegedly created a "hate chat room against another student."

19. That the Plaintiff was initially suspended for ten (10) days which was reduced to a three (3) day suspension after Plaintiff's father spoke to assistant superintendent Rick Deuell.

20. That neither Mr. Deuell nor any other school personnel advised Plaintiff of her right to appeal the suspension.

21. That as a direct result of the charge and suspension Plaintiff was removed and banned from the cheerleading squad by Buffy Ashcraft and/or Ronald Stephens.

22. That as a direct result of the charge and suspension, Plaintiff was prohibited from participating in the Charm Review activities of which she was the reigning "Queen of Charm" by Ronald Stephens.

23. That the Plaintiff denies that she violated any school, county, state or Federal policy

or law.

24. That the Plaintiff was never afforded a hearing or opportunity to be heard in opposition to the disciplinary actions taken by the Defendants contrary to County, State, and Federal policy and law.

25. That there was no notice given to Plaintiff that there was a policy against internet web pages or that there were any disciplinary consequences for having an internet webpage.

26. That as a result of the false accusations, unlawful disciplinary actions and exclusion from cheerleading and charm review by the Defendants, the Plaintiff was subjected to ostracism by her teachers and fellow students.

27. That the Plaintiff has experienced loss of enjoyment of life, severe emotional distress, depression, embarrassment, humiliation, and pain and suffering as a result of the Defendants' false accusations, unlawful disciplinary actions, and exclusion from cheerleading and charm review, making her attendance at school virtually intolerable.

28. That the Defendants' actions violated Plaintiff's rights of free speech, due process of law, equal protection of law, as guaranteed by the First, Fifth, and Fourteenth Amendments of the United States Constitution and the West Virginia State Constitution.

29. That Defendants' actions constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and the West Virginia Constitution

30. That Defendants' actions under color of law injured Plaintiff in that such actions deprived the Plaintiff of rights, privileges and immunities provided by the Constitution of the United States.

31. That Defendants' actions as set forth herein were negligent.

## COUNT I

### 42 U.S.C. § 1983; VIOLATION OF CONSTITUTIONAL RIGHT OF FREE SPEECH UNDER THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUITION AND THE WEST VIRGINIA STATE CONSTITUTION

32. The Plaintiff incorporates by reference each and every allegation set forth and contained in paragraphs 1 through 31 inclusive.

33. Defendants lacked any authority to subject Plaintiff to disciplinary action at school for using her home computer to set up a group on MySpace.com.

34. Plaintiff was injured by the Defendants actions in violation of her right to free speech, to-wit: she suffered loss of enjoyment of life, emotional distress, depression, embarrassment, humiliation, and pain and suffering as a direct and proximate cause of Defendants' action as set forth herein.

35. Plaintiff is entitled to compensatory damages and attorney fees.

## COUNT II

### 42 U.S.C. § 1983; VIOLATION OF CONSTITUTIONAL RIGHT OF DUE PROCESS EQUAL PROTECTION UNDER THE FITFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUITION AND THE WEST VIRGINIA STATE CONSTITUTION

36. The Plaintiff incorporates by reference each and every allegation set forth and contained in paragraphs 1 through 35 inclusive.

37. Defendants had no policy which notified Plaintiff that she could suffer disciplinary action for her private out of school use of the internet or the establishment of an internet webpage.

38. Defendants failed to provide an appeal process or notify Plaintiff of any such

appeal process through which she could appeal the decision to suspend her out of school for three (3) days.

39. Defendants failed to provide any notice and/or hearing before excluding Plaintiff from the cheerleading squad and charm review

40. Plaintiff was injured by the Defendants actions in violation of her right to due process and equal protection, to-wit: she suffered loss of enjoyment of life, emotional distress, depression, embarrassment, humiliation, and pain and suffering as a direct and proximate cause of Defendants' action as set forth herein.

41. Plaintiff is entitled to compensatory damages and attorney fees.

## COUNT III

### 42 U.S.C. § 1983;VIOLATION OF CONSTITUTIONAL RIGHT OF FREEDOM FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUITION AND THE WEST VIRGINIA STATE CONSTITUTION

42. The Plaintiff incorporates by reference each and every allegation set forth and contained in paragraphs 1 through 41 inclusive.

43. Defendants actions in excluding Plaintiff, in her senior year of high school, from privileges she had earned through her efforts and academic achievement throughout her school career constituted cruel and unusual punishment.

44. Plaintiff was injured by the Defendants actions in violation of her right to freedom from cruel and unusual punishment, to-wit: she suffered loss of enjoyment of life, emotional distress, depression, embarrassment, humiliation, and pain and suffering as a direct and proximate cause of Defendants' action as set forth herein.

45. Plaintiff is entitled to compensatory damages and attorney fees.

## COUNT IV

## NEGLIGENT INFLICTION OF EMOTION DISTRESS

46. The Plaintiff incorporates by reference each and every allegation set forth and contained in paragraphs 1 through 45 inclusive.

47. That as a direct and proximate result of Defendants' negligence as set forth herein, the Plaintiff suffered loss of enjoyment of life, severe emotional distress, depression, embarrassment, humiliation, and physical injury all resulting in conscious pain and suffering.

47. That at graduation practice for the 2005-2006 school year, Defendant Ronald Stephens, without warning and against her will, hugged the Plaintiff and whispered in her ear in front of the other students causing her extreme humiliation, embarrassment and emotional distress

48. Plaintiff is entitled to compensatory damages.

WHEREFORE, Plaintiff demands judgment against the Defendants Berkeley County Schools, Manny P. Arvon, II, Rick Deuell, Ronald Stephens, Becky J. Harden, and Buffy Ashcraft for compensatory damages in the amount of ONE MILLION DOLLARS ($1,000,000.00) including, but not limited to, compensation for violation of her civil rights and loss of enjoyment of life, severe emotional distress, depression, embarrassment, humiliation, and pain and suffering together with all pre and post judgment interest, costs and attorneys fees incurred in this civil action.

The Plaintiff demands a jury trial.

KARA KOWALSKI, Plaintiff
By Counsel

_____
Nancy A. Dalby
NANCY A. DALBY, ATTY AT LAW, PLLC
202 N. Charles Street
Charles Town, WV 25414
(304) 728-2063
WV Bar # 4351