**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
At Martinsburg**

**KARA KOWALSKI,**

      **Plaintiff,**

**v.**                                       **Civil Action No. 3:07-CV-147**
                                               **Judge John Preston Bailey**

**BERKELEY COUNTY PUBLIC SCHOOLS, et al.**

      **Defendants.**

**DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO THEIR MOTION TO DISMISS**

COME NOW Defendants, the Berkeley County Board of Education (the "Board"), Manny P. Arvon, III, Ronald Stephens, Becky J. Harden, Buffy Ashcraft and Rick Deuell (collectively the "Individual Defendants"), by and through their attorneys, Tracey B. Eberling and Steptoe & Johnson PLLC, and respectfully submit their Reply to the Plaintiff's Response to their *Motion to Dismiss.* Because the Plaintiff has not demonstrated any basis for denial of the Defendants' Motion, the Defendants' Motion should be granted.

The Defendants' Motion established why the claims against them must be dismissed as a matter of law, and also addressed why each of the Plaintiff's four substantive counts are legally insufficient so as to state a claim that withstands scrutiny under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Plaintiff does not appear to contest that her Complaint fails to state a colorable 42 U.S.C. §1983 claim for damages for the Defendants' alleged violation of her

MA205590.1

rights under the Due Process[1], Cruel and Unusual Punishment and the Privileges and Immunities

Clauses of the U.S. Constitution as her response brief does not make any argument opposing the

relief sought by the Defendants.   The Plaintiff also does not challenge the Defendants' requested

dismissal of any claims based on damages for her removal from extracurricular activities, or of

her state law claim for negligent infliction of emotional distress.[2]   Accordingly, the Defendants

are entitled to dismissal of each of these claims, as well as all others as set forth below.

The only issues remaining to be resolved by the Court are whether all or some of the

Defendants are entitled to qualified immunity on the Plaintiff's claims against them in their

individual capacites for the alleged violation of her First Amendment and Equal Protection rights

under 42 U.S.C. §1983 and whether the Plaintiff has stated a viable claim for violation of her

constitutional rights against the Board of Education and the Defendants named in their official

capacities.   Neither the Plaintiff's Complaint or her response in opposition to the Defendants'

Motion to Dismiss establish that she is entitled to proceed with her claims against the

Defendants.

## I.      The Claims Against All Defendants Should be Dismissed

The claims against the Defendants named in their individual capacity should be dismissed

as the Plaintiff cannot demonstrate the existence of any clearly established right that was violated

by those Defendants and thus they are entitled to qualified immunity.   The Plaintiff's claims

---

[1]Plaintiff does argue that her "due process and equal protection claims" cannot be dismissed, but only makes subsequent reference to the Equal Protection claim.  Due to the lack of substantive argument, it appears that Plaintiff agrees that the due process claim is not viable.

[2]Because the Plaintiff appears to be abandoning her state law claim, the issue of the applicability of the West Virginia Tort Claims and Insurance Reform Act is not addressed.  The Defendants reserve the right to make further argument if necessary.

against the Board of Education and all of the Defendants sued in their official capacity are also legally insufficient and must be dismissed as the Plaintiff failed to allege the existence of a policy or custom that lead to the violation of the Plaintiff's constitutional rights.

> **A.    Defendants Stephens, Harden and Ashcraft Violated No Clearly Established Right of the Plaintiff**

The Plaintiff appears to misapprehend the bases for dismissal asserted by the Defendants as well as the applicable law.  The Defendants are aware that all Berkeley County school students possess certain constitutional rights.  Rather, the argument made is that, as a matter of law, the Plaintiff cannot establish that the Defendants' actions violated a clearly established constitutional right of the Plaintiff.[3]

The threshold question in analyzing whether a state actor is entitled to qualified immunity is whether a constitutional or other right of the Plaintiff has been violated.  The inquiry then turns to whether that right is "clearly established."  "To prove that a clearly established right has been infringed upon, a plaintiff must do more than allege that an abstract right has been violated. Instead, the plaintiff must make a 'particularized showing' that a 'reasonable official would understand that what he is doing violated that right' or that 'in the light of preexisting law the unlawfulness of the action was apparent.' *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)."  *Hutchison v. City of Huntington*, 198 W. Va. 139, 149 fn11, 479 S.E.2d 649, 659 fn 11 (1996).  Application of this analysis to the facts alleged in

---

[3]Nothing in the Complaint remotely suggests that the Defendants are "plainly incompetent" and thus not entitled to the application of qualified immunity.

the Complaint demonstrates that the Defendants are entitled to qualified immunity on the "individual" capacity claims.

### 1.      First Amendment Claim

The Plaintiff cites a string of cases in which the scope of students' First Amendment rights and the right of school districts to regulate student speech was addressed.  The varying results of just those cases offered by the Plaintiff demonstrates that the Defendants Stephens, Harden and Ashcraft  are entitled to qualified immunity.  State and federal courts across the country have faced the issue under many varying fact patterns, applying several standards, which have yielded differing results.  The analysis applied in the case of *Porter v. Ascension Parish School District*, 393 F.3d 608 (3d Cir. 2003) as to the regulation of off-campus speech is particularly instructive to the facts before the case.

Like this case, the facts in *Porter* involved off-campus speech not brought to school by the student.  In *Porter*, the school district had expelled a student for creating a sketch depicting a violent attack on his school.  The sketch had been prepared at home two years before the student's brother inadvertently took the sketchbook containing the drawing to school.   The *Porter* court concluded that although the sketch was entitled to First Amendment protection under the circumstances it was created, the school principal was still entitled to qualified immunity from the student's 42 U.S.C. §1983 claim for violation of the students's rights.  After a thorough discussion of the disparate case law governing the regulation of student speech, the *Porter* court found that while the speech in question had been prepared off campus and did not constitute a true threat, "...a reasonable school official facing this question for the first time would find no 'pre-existing' body of law from which he could draw clear guidance and certain

4

conclusions.  Rather, a reasonable school official would encounter a body of case law sending

inconsistent signals as to how far school authority to regulate student speech reaches beyond the

confines of the campus." *Id.* at 620.  No different result can be rationalized in the case under the

facts alleged in Ms. Kowlaski's Complaint.

        Ms. Kowalski alleges that her First Amendment rights were violated because she

was censored for off-campus speech.  Although the Complaint does not indicate the content of

the speech at issue such that this Court could make a legal determination as to whether the it is

entitled to First Amendment protection, the Defendants are  entitled to qualified immunity even

if the Plaintiff's speech is constitutionally protected.   Given the decidedly unsettled law

concerning the regulation of students' off-campus speech, Ms. Kowalski did not possess a

"clearly established" right such that it would have been clear to Defendants Stephens, Harden

and Ashcraft that disciplining her for the exercise of that speech would be unlawful. Dismissal of

the claims against these Defendants in their individual capacities must therefore be dismissed as

they are entitled to qualified immunity as a matter of law.

### 2.    Equal Protection Claim

        The Plaintiff offers no substantive response to the Defendants' argument that her

Complaint fails to state a claim for violation of her Equal Protection rights upon which relief can

be granted.  The  Plaintiff offers only summary factual assertions in her response brief about the

number of registered users of MySpace.com and that no other Berkeley County school students

have been disciplined for having MySpace pages.  Even if these allegations were contained in the

Complaint and taken as true by this court, they are still not sufficient to bar the application of

qualified immunity.

This Court certainly may look to *Doninger v. Niehoff*, 514 F. Supp.2d 199 (D. Conn. 2007) and the cases cited therein for guidance.[4]  Like the claims of the plaintiff in that case, Ms. Kowalski's Equal Protection claim is without merit.  Ms. Kowalski offers no allegation concerning membership in a protected class in her Complaint, nor does she claim that she was irrationally treated differently from other people who are similarly situated.  In this vacuum, she has not properly stated a claim for violation of her constitutional rights, the threshold for a 42 U.S.C. §1983 action.  Accordingly, the qualified immunity analysis ends here, and the Plaintiff's claim for violation of her Equal Protection rights against the Defendants named in their individual capacities should be dismissed as a matter of law.

**B.      The Claims Against the Board of Education and the Defendants Named in the Official Capacity Must Be Dismissed**

The Plaintiff named the Board of Education as a Defendant and also sued Manny P. Arvon, III and Rick Deuell as Defendants in only their official capacities, and Ronald Stephens, Becky J. Harden, and Buffy Ashcraft as Defendants in both their individual and official capacities. [O]fficial-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct.

_____

[4]Note: the formal case citation for *Doninger* was issued after filing of Motion and Memorandum. This Court should reject the Plaintiff's contention that the failure to provide copies of case law from other jurisdictions requires that the cited precedent be disregarded as a penalty as no authority is cited for that proposition.  The Court should also disregard the Plaintiff's contention that the *Doninger* case not be considered because counsel for the Defendants did not mail a copy of the Motion and Memorandum to opposing counsel.  The Court's docket reflects that the Plaintiff is registered with the Case Management/Electronic Case Filing system, therefore, service of paper copies of the Motion to Dismiss and Memorandum in Support is not required.  Proper reliance on service through the court's CM/ECF system cannot form the basis for disregarding instructive precedent.

358, 361 (1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3104

(1985)).  While a plaintiff may establish *personal* liability in a § 1983 action by demonstrating

that a government official, acting under color of state law, caused the deprivation of a federal

right, "[m]ore is required in an official capacity action."  *Graham*, 473 U.S. at 166, 105 S. Ct. at

3105.

       In order to recover against a political subdivision under 42 U.S.C. §1983,  it must

be alleged that the entity had a policy or practice that violated a person's constitutional or other

legal rights.  *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).   In this case, the Plaintiff

has not alleged that any policy or practice of the Board violated her constitutional rights.  The

Plaintiff, therefore, fails to state a claim upon which relief can be granted against the Board of

Education and the Defendants named in their official capacities.  The mere reference to the

existence of officially-adopted policies governing student conduct does not lead to the inevitable

conclusion that the application of the policies by the Defendants violated any clearly established

right of the Plaintiff.   The Plaintiff's failure properly plead a cause of action against these

Defendants warrants dismissal of the claims under Rule 12 (b)(6).

## II.    Conclusion

       The Plaintiff's Complaint fails both legally and factually to state a claim against any of

the Defendants for the reasons set forth herein.  Accordingly, this Court should dismiss Plaintiff's

action for failure to state a claim upon which relief can be granted pursuant to the provisions of

Fed. R. Civ. P. 12(b)(6) and based on the application of qualified immunity.

       WHEREFORE, the Defendants respectfully request that this Honorable Court

grant their *Motion to Dismiss.*

MA205590.1               7

Respectfully submitted this 27th day of December, 2007.

**BERKELEY COUNTY BOARD OF
EDUCATION, MANNY P. ARVON, III,
RONALD STEPHENS, BECKY J. HARDEN,
<u>BUFFY ASHCRAFT and RICK DEUELL</u>
By Counsel**

**/s/      Tracey B. Eberling**
_____
Tracey B. Eberling, Esq.  (WVSB#6306)
STEPTOE & JOHNSON PLLC
1250 Edwin Miller Blvd.
P.O. Box 2629
Martinsburg, WV 25402
(304) 262-3532