IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

KARA KOWALSKI

    Plaintiff,

vs.

                                      CIVIL ACTION NO. 3:07-CV-147
                                      Judge John Preston Bailey

BERKELEY COUNTY PUBLIC SCHOOLS, and
MANNY P. ARVON, II, Superintendent, in his official capacity
RONALD STEPHENS, Principal, in his official capacity and individually,
BECKY J. HARDEN, Vice Principal, in his official capacity and individually
BUFFY ASHCRAFT, cheerleading coach, in her official capacity and individually
RICK DEUELL, Assistant Superintendent, in his official capacity

    Defendants.

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW your Plaintiff, Kara Kowalski, by and through her counsel, Nancy A. Dalby, and submits this memorandum in support of her *Motion for Leave to Amend Complaint*.

### I.    PROCEDURAL HISTORY

Plaintiff instituted this action by filing her complaint with the court. Defendants subsequently filed a Motion to Dismiss to which Plaintiff filed a Response and Defendants then filed a Reply. The parties then filed a report of their initial meeting after which a scheduling conference was held by the court which then entered a Scheduling Order. Pursuant to that Order the Plaintiff filed her Motion for Leave to Amend Complaint with the proposed Amended Complaint attached thereto and submits this memorandum in support of that motion.

## II  STATEMENT OF FACTS

The original Complaint in this matter alleges violations of Plaintiff's constitutional rights of free speech, due process, equal protection and freedom from cruel and unusual punishment as well as negligent infliction of emotional distress and names several school personnel in their official and individual capacities as well as the school board, its superintendent and an assistant superintendent in their official capacities. In the original complaint, the Plaintiff seeks compensatory damages.

This case arises out of an incident in Plaintiff's senior year at Musselman High School which is part of the Berkeley County Public Schools.  In December of that year, the Plaintiff decided to initiate a web page on a social networking site on the internet called MySpace.com. In accordance with the instructions on the web site, she sent e-mails to friends that she thought might want to be a member of the group on the web page.  She did all of this in the evening after school while she was at home and used her personal home computer and her personal internet account.  Any person who decided to join the group could post comments and pictures on the web page without the knowledge or permission of the Plaintiff and these could be viewed by others who were not a member of the group.  At some point that night, one of the people invited to join the group went to the web page and uploaded a picture of another student which he had altered. Apparently, the other student called the person who posted the picture and complained and he removed the picture and informed the Plaintiff about the complaint.  The next day the Plaintiff was confronted by the Principal, Defendant Stephens, and the assistant principal, Defendant Harden, who issued the Plaintiff a discipline referral for violating the school board Harassment, Bullying and Intimidation Policy by "creating a

hate chat room against another student" and suspending her from school for 10 days and from social events for 90 days. Plaintiff's father talked with an assistant superintendent, Defendant Deuell, who reduced the suspension to 5 days. Neither Plaintiff nor her father were afforded any further avenues of appeal from that decision. Subsequently, Plaintiff was told that she could no longer be on the cheerleading squad and later was also told she could not participate in crowning the new Queen of Charm even though she was the reigning Queen of Charm. Plaintiff started treatment for depression that same month she received the referral. She suffered from extreme emotional distress, humiliation and embarrassment, experienced shunning and ostracism from teachers with whom she had previously had a good relationship and her attendance suffered. The school environment became intolerable. At graduation practice, Defendant Stephens, grabbed Plaintiff as she walked across the stage and hugged her and whispered in her ear which horrified and humiliated her after he had ruined her senior year and caused her such pain and suffering. Plaintiff has continued to experience depression and suffer from emotional distress.

Plaintiff timely filed this lawsuit as set forth above and Defendants filed a Motion to Dismiss under Rule 12 of the Federal Rules of Civil Procedure raising a qualified immunity defense and alleging that Plaintiff had failed to state a claim for which relief could be granted. Subsequently Plaintiff and Defendants filed Initial Disclosures as required by Rule 26(A)(1). Plaintiff learned additional facts from both the Defendants' motion and their initial disclosure.

### III. APPLICABLE STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend the complaint should be liberally granted when justice so requires.

## IV. ARGUMENT

In *Phillips v. County of Allegheny,* 020508 FED3, 06-2869 (3rd Cir, 2008), a case involving § 1983 claims, the United States Court of Appeals for the 3rd Circuit held that the District Judge erred when he dismissed the complaint without offering Phillips the opportunity to amend her complaint. The court stated:

> It does not matter whether or not a plaintiff seeks leave to amend. We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile. Id. at page 8.

In *Phillips,* supra, the administrator of the estate of a person murdered after the county's 911 operators gave information about the decedent's whereabouts that lead to his murder, sued the county, the 911 call center, supervisors and individuals who gave unauthorized information. The court found that the district court erred when it dismissed the complaint without offering an opportunity to amend to adequately plead a state-created danger claim against a 911 Call Center supervisor.

The United States Supreme Court in *Foman v. Davis,* 371 U.S. 178, 182 (1962) held that the Appeals Court erred in affirming the District Court's denial of motion to vacate a judgment in order to allow amendment of the complaint. The court stated as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent of declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given" Id at 182.

In the present case, the matter is just at the pleading stage. No answer has been

filed or discovery conducted other that initial disclosures. The Plaintiff does not file her Motion to Amend for any bad faith or dilatory reason but only to more fully state her claims and allow her case to go forward on the merits. The proposed amended complaint more fully states the particulars of Plaintiff's claims and allegations against each defendant and includes additional relief sought in the form of declaratory and injunctive relief. The court pointed out in *Foman, supra,* the motion to vacate to amend the complaint should not have been denied where the amendment would have done no more than state an alternative theory for recovery. *Foman* at 182

## IV. CONCLUSION

Plaintiff's Motion to Amend should be granted and the proposed Amended Complaint as attached to the Motion to Amend and incorporated therein should be filed.

Respectfully submitted this 3rd day of March, 2008

KARA KOWALSKI, Plaintiff<br>
By Counsel

_____
Nancy A. Dalby
NANCY A. DALBY, ATTY AT LAW, PLLC
202 N. Charles Street
Charles Town, WV 25414
(304) 728-2063
WV Bar # 4351