IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
At Martinsburg

**KARA KOWALSKI,**

    Plaintiff,

v.                                      Civil Action No. 3:07-CV-147
                                              Judge John Preston Bailey

**BERKELEY COUNTY PUBLIC SCHOOLS, et al.**

    Defendants.

## DEFENDANTS' RESPONSE IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR LEAVE TO AMEND HER COMPLAINT

COME NOW Defendants, the Berkeley County Board of Education ("the Board"), Manny P. Arvon, III, Ronald Stephens, Becky J. Harden, Buffy Ashcraft and Rick Deuell, by and through their undersigned counsel, and submit their response in opposition to the Plaintiff's Motion for Leave to Amend her Complaint. The Plaintiff initiated this action by filing a legally and factually insufficient Complaint that failed to state a claim against the Defendants for relief under any of the four theories alleged. The proposed Amended Complaint, which expands the counts for relief to seven, suffers from many of the same deficiencies and a number of new ones. The Defendants respectfully request that the Court deny the Plaintiff's Motion for Leave to Amend as to permit the amendment of the Complaint would be futile as the Amended Complaint, too, would be subject to dismissal, and because the proposed amendment would result in prejudice to the Defendants by rewarding the Plaintiff for dilatory conduct.

**Procedural History**

The Defendants responded to the Plaintiff's four count Complaint by filing a Motion to Dismiss all counts which set forth nine legal bases in support of dismissal. The Defendants' Motion to Dismiss addressed the legal insufficiency of the Plaintiff's Complaint and injected no new facts for the consideration of the Court. The Plaintiff filed a reply to the Motion to Dismiss, responding to only a few of the numerous grounds set forth in the Defendants' Motion. That Motion remains pending before the Court. The Plaintiff and the Defendants thereafter served their respective Rule 26(a)(1) disclosures. The Plaintiff now seeks leave to amend her complaint "to more fully state her claims and allow her case to go forward on the merits." She claims to have "learned additional facts" from the Defendants' Motion to Dismiss and Rule 26(a)(1) disclosure.

**Argument**

Even a cursory review of the proposed Amended Complaint reveals that the Plaintiff has attempted to use the Defendants' Motion to Dismiss as a road map to assist her in avoiding dismissal of her suit and to correct her errors of omission. Even with the assistance unintentionally provided by the Motion to Dismiss, however, the Plaintiff is not entitled to relief under the allegations contained in the Amended Complaint for the reasons fully briefed in the Defendant's Motion to Dismiss.[1] For purposes of their opposition to the Motion for Leave to Amend, the Defendants submit that Plaintiff has substantively changed the allegations against the Defendants in her proposed Amended Complaint. The Plaintiff has tried to "backfill" her

---

[1] The Defendants note their intention to fully challenge all of the new allegations and theories claimed in relation to the original four counts of the complaint and the three new ones in a further Motion to Dismiss, should the Plaintiff's Motion for Leave to Amend be granted.

theories by including summary declarations of alleged constitutional violations by each of the Defendants, several of which are based on new factual assertions. Also added were allegations meant to supply essential elements of several of the theories for recovery, such as a claim of disparate treatment was added to the Plaintiff's count for the alleged violation of her Equal Protection rights. Leave to amend the complaint should be denied as futile as all seven counts set forth in the proposed Amended Complaint are subject to dismissal, the three new claims because they should have been included when suit was first filed and do not relate back.

While the Defendants acknowledge that Rule 15 of the Federal Rules of Civil Procedure provides that a court should freely give leave to amend a complaint, "[a] Court may refuse to allow leave to amend pleadings when the proposed changes would be futile." *New Beckley Mining Corp. V. Int'l Union, UMW*, 18 F.3d 1161, 1164 (4th Cir, 1994)(citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendments relate back only if permitted by the applicable statute of limitations and the amendment asserts claim arising out of the conduct contained in the initial pleading. *F.R.C.P. Rule 15©*. The Plaintiff is not entitled to the rely upon the liberal interpretation of Rule 15 employed by the Third Circuit Court of Appeals in civil rights case, which appears to require that the district courts must permit amendments of civil rights complaint, even if leave is not sought. There is no parallel line of precedent in the Fourth Circuit.

The case at bar is very similar in nature and procedural status to *Stidham v. Jackson*, 2007 WL 2156155 (W. D. Va. 2007), and 2007 WL 2405722 (W. D. Va. 2007), decided employing Fourth Circuit considerations. In *Stidham,* the plaintiff filed an action based on 42 U.S.C. §1983 and the defendant filed a motion to dismiss. In response, the plaintiff filed a motion for leave to

amend her complaint. The *Stidham* court adopted the Report and Recommendations of the U.S. Magistrate recommending that the civil rights case be dismissed and the motion for leave to amend be denied. Like the amended complaint offered in *Stidham*, the Plaintiff's proposed Amended Complaint herein asserts new facts and theories in an effort to establish relief against the Defendants under §1983. The *Stidham* court found it significant that the plaintiff offered no explanation as to why the new facts and allegations were not contained in the original complaint. In this case, no factual elements set forth in the proposed Amended Complaint were unavailable to the Plaintiff at the time of the filing the original complaint. The Plaintiff's passing claim that she learned new facts from the Defendants' filings was not supported by a proffer identifying these facts. The significant new "factual" assertions contained in the proposed Amended Complaint were in no way derived from any filing of the Defendants. The new legal allegations were, however, plainly drawn from the Defendants' Motion to Dismiss. Dismissal of the case at bar and the denial of the Motion for Leave to Amend is warranted, as they were in *Stidham*.

  The new claims in this matter do not relate back as the claims are based on matters not asserted in the original complaint and would be barred by the statute of limitations. Although the introductory paragraphs of the Plaintiff's initial complaint identifies the authorizing statutes for declaratory relief under state and federal law, nowhere in her Complaint does the Plaintiff request such a remedy. In her Amended Complaint, however, the Plaintiff seeks a declaration that the Board of Educations's Harassment, Bullying and Intimidation Policy "is unconstitutionally overbroad and/or ambiguous...." This policy was not even mentioned in the Complaint, although it was the cited basis for the discipline of the Plaintiff and the Plaintiff was necessarily aware of its application to her. This claim, thus, would be time-barred.

The Plaintiff also would add a demand for an injunctive relief to require the Board of "expunge" the disciplinary referral, and to send "corrected records" to any third-parties who received a copy of the Plaintiff's records that contained reference to the discipline.  The original Complaint is devoid of any assertions concerning the dissemination of the Plaintiff's records to third-parties.  This new legal claim, based on previously unasserted allegations, does not relate back.

Finally, the proposed Amended Complaint shows that the Plaintiff would also change, without explanation, her state law claim from negligent infliction of emotional distress to "negligent, wanton, reckless and malicious infliction of emotional distress."  In restating this last count, the Plaintiff adds assertions that she was damaged by the Defendants' alleged "publication of false information to third persons" and that Mr. Stephens purportedly disciplined the Plaintiff "in bad faith to please another student with whom he had a special relationship."   This change adds a new theory of recovery, in essence, expanding one count to include two distinct causes of action.  To the extent that the Plaintiff asserts a claim for anything other that negligent infliction of emotional distress and bases any theory of recovery on new factual assertions, the Court should find that these claims would brought outside the two-year statute of limitation and to permit such an amendment would be futile.

The Plaintiff was disciplined for conduct that occurred in December of 2005.  The documentation set forth the basis for the discipline as a violation of the Harassment, Bullying and Intimidation Policy.  Plaintiff filed suit just before the expiration of the two year statute of limitations on her claims, then more than four months later seeks to add new and expanded theories by means of an amended complaint.  The new factual assertions and the claims for relief based on the additions were notably absent from the original complaint, thus the Defendants were

not on notice of these claims.  The Plaintiff should not be permitted to benefit from the education regarding pleading civil rights violations and other torts conferred by the Defendants' Motion to Dismiss.  To do so, would be inequitable and prejudice the rights of the Defendants.

## Conclusion

Despite the Plaintiff's assertions, none of the Defendants' submissions in this matter contained any new facts which would necessitate the Plaintiff filing an Amended Complaint.  Indeed, the Plaintiff fails to even allude to what these "facts" may be, or why she did not know these "facts" when she filed her original complaint.  Nor does she even attempt to explain why the new theories and assertions she would now offer were not included in the first complaint.  In reality, the Plaintiff seeks leave to amend her Complaint so that she can use the Defendants' Motion to Dismiss as a guideline to set forth allegations which she hopes would permit her to withstand a 12(b)(6) motion.  The Plaintiff's Motion for Leave to Amend should be denied as futile because the proposed Amended Complaint also fails to state a claim against the Defendants upon which relief can be granted or are barred by the statute of limitations as the new theories do not relate back.  The Defendants respectfully renew their request for the dismissal of this action with prejudice.

WHEREFORE, the Defendants respectfully request that this Court deny the *Plaintiff's Motion for Leave to Amend* and grant their *Motion to Dismiss.*

Respectfully submitted this 17th day of March, 2008

/s/ Tracey B. Eberling
_____
Tracey B. Eberling, Esq. (WVSB No.: 6306)
STEPTOE & JOHNSON
1250 Edwin Miller Blvd.
P.O. Box 2629
Martinsburg, WV 25402
(304) 262-3532