IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

KARA KOWALSKI,

    Plaintiff

v.                                              Civil Action No. 3:07-CV-147
                                                  Judge John Preston Bailey

BERKELEY COUNTY PUBLIC SCHOOLS, et al.

    Defendants.

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE IN OPPISITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND HER COMPLAINT

COMES NOW your Plaintiff, Kara Kowalski, and submits her reply to the Defendants' opposition to her motion for leave to amend her complaint.

Defendants essentially argue that the Motion for Leave to Amend should be denied because the proposed Amended Complaint offers a more definite statement of the allegations and claims in the original complaint and adds three new additional claims. Defendants' argue that the amendment is futile because they believe all of the counts are subject to dismissal and that the new claims do not relate back to the original complaint.

The Defendants rely heavily on a case cited only as *Stidham v. Jackson*, 2007 WL 2156155 (W.D. Va. 2007) and 2007 WL 2405722 (W.D. Va. 2007) and argue that it applies Fourth Circuit principals. However, Plaintiff's counsel does not subscribe to West Law, to which she believes the WL refers, and has been unable to locate this case in a publicly accessible electronic data base. The Local Rules And Internal Operating Procedures of the United States Court of Appeals for the Fourth Circuit, Rule 32.1(b)[1]

---

[1] **Rule 32.1 (b) Copies Required.** If a party cites a federal judicial opinion, order, judgment, or other written disposition that is not available in a publicly accessible electronic database, the party must file and

[formerly Rule 36(c)] requires that a copy of any judicial opinion cited that is not available in a publicly accessible electronic database must be filed an served with the brief or other paper in which it is cited. Defendants have not provided a copy of this case as an addendum to their brief or served it directly on Plaintiff's counsel. It is impossible to ascertain what the facts of such case were or the reasoning of the court and, therefore, any argument by the Defendants in regard to such case should not be considered. Defendants also cited to an unpublished case in their Motion to Dismiss and chided Plaintiff's counsel when she pointed out that she had not received a hard copy of the case and have since failed to provide such copy.

Defendants' argue that Plaintiff did not mention the Board's Harassment, Bullying and Intimidation Policy in the original complaint although it was the cited basis for the discipline and the Plaintiff was necessarily aware of the application to her. However, Plaintiff, in fact, did not know that she was disciplined under the said policy until that was stated by Defendants' counsel in their Motion to Dismiss which is reflected in the fact that the policy was not mentioned in the original complaint. The discipline referral accuses the Plaintiff of "harassment/ intimidation/ bullying/hate-creating a hate chat room against another student" but no where mentions a violation of any specific policy. The Plaintiff can not be charged with knowing what the school personnel are thinking especially since no action by the Plaintiff violated any provision of the Harassment, Bullying and Intimidation Policy. In fact, the discipline was so severe that it suggests that something other than just a violation of the aforesaid policy was at play. Plaintiff served Defendants with a request for discovery with the original complaint in

---

serve a copy of that opinion, order, judgment, or disposition with the brief or other paper in which it is cited.

which she specifically asked the Defendants to "state with specificity all rules, regulations, policies, and laws that you claim were violated by Kara Kowalski that resulted in her suspension; as to each please give the exact location of such rule, regulation, policy or law (e.g. "student handbook", "policy and procedures manual entitled '_____' and located in _____" etc.). The same information was requested in regard to the removal from the cheerleading squad and charm review activities. This discovery request has, of course, not been answered so the Plaintiff is left with only what has been stated in the Defendants' Motion to Dismiss and Initial Disclosure. Plaintiff's counsel was unaware of the policy until informed by Defendants' counsel in the Motion to Dismiss that the Plaintiff was disciplined under the said policy and the student code of conduct. Plaintiff further learned from Defendants' Initial Disclosures that Mr. Arvon, the superintendent and agent of the Board, was aware of the discipline and the application of the school board policy to the Plaintiff's out of school actions. It would be risky at best to predicate Plaintiff's lawsuit on an assumption that the school personnel were acting on a certain school policy only to find out that, in fact, they were relying on some other policy, rule, regulation or law. Once Plaintiff became aware that the school board was relying on the Harassment, Bullying and Intimidation Policy as authority for the disciplinary action Plaintiff moved to amend the complaint to include a declaratory judgment count that the policy is unconstitutionally overbroad and/or ambiguous. Plaintiff further amended her complaint with regard to the school board based on the knowledge that its agent, Superintendent Arvon, knew of the actions of the school personnel and showed conscious disregard for the violation of Plaintiff's civil rights and the fact that the school personnel were apparently not properly trained in the scope and

application of the school board policy. The request for declaratory relief does not violate any statute of limitations problem as the policy was in place for the entire 2005-2006 school year which in ended in June, 2006 and, was still in effect as late as the 2006-2007 school year as evidenced by the Student Handbook for that year. Likewise, the request for injunction to require the board to expunge the disciplinary information from Plaintiff's school record and to notify third parties to whom such information was disclosed is not barred by the statute of limitations as any such disclosure of the school record would have happened months after the imposition of the discipline (December, 2005) when the Plaintiff sought transcripts. Exact dates are unknown until such time as the Defendants provide requested discovery. Plaintiff knows of no date by which a request for injunction for expungement would be required as the information continues to be contained in the school record and every release of that information would be a new act of defamation.

Plaintiff was not educated regarding pleading civil rights violations by the Defendant as argued but was rather educated regarding the specific policy on which the school board is relying to justify violation of the Plaintiff's civil rights and the knowledge of the violations by the school board through its superintendent. This is information that the Plaintiff would have learned through discovery anyway and not something that is inequitable and prejudicial to the rights of the Defendants. That the Amended Petition more particularly sets forth this information and the basis for declaratory and injunction counts does not change the fact that the original complaint was sufficient under Rule 8 and fairly and succinctly noticed all Defendants of the known facts and claims of the Plaintiff.

While the Defendants make the summary argument that the Amended Complaint fails to state a claim against the Defendants upon which relief can be granted, no support is offered for this assertion. However, this argument is apparently the basis for Defendants' assertion that amendment of the complaint would be a futility. Defendants simply fail to set forth a cogent argument as to futility to which the Plaintiff can respond.

Likewise, the Defendants fail to set forth any facts on which they rely for their claim that to grant the Plaintiff leave to amend would prejudice them. The Defendants do not claim that they would have to expend significant additional resources or that the amendments would significantly delay the resolution of the dispute. The case is in its early stages of pleading, the trial date is not until December, 2008, no discovery has yet been conducted nor any motions for summary judgment filed. See *Ruotolo v. City of New York*, 020608 FED 2, 06-3886 (2nd Cir. 2008) Further, the motion was timely filed in accordance with the scheduling order of this court.

WHEREFORE, based on the arguments set forth herein and in the Motion to Amend, supporting Memorandum and proposed Amended Complaint, Plaintiff respectfully requests that the Motion for Leave to Amend the Complaint be granted and the Defendants' Motion to Dismiss should be denied.

Respectfully submitted this 26th day of March, 2008.

KARA KOWALSKI
By counsel

/s/ Nancy A. Dalby
Nancy A. Dalby
NANCY A. DALBY, ATTY AT LAW, PLLC
202 N. Charles Street
Charles Town, WV 25414
(304) 728-2063
WV Bar # 4351