IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

KARA KOWALSKI

    Plaintiff,

vs.

                                        CIVIL ACTION NO. 3:07-CV-147
                                        Judge John Preston Bailey

BERKELEY COUNTY PUBLIC SCHOOLS, and
MANNY P. ARVON, II, Superintendent, in his official capacity
RONALD STEPHENS, Principal, in his official capacity and individually,
BECKY J. HARDEN, Vice Principal, in his official capacity and individually
BUFFY ASHCRAFT, cheerleading coach, in her official capacity and individually
RICK DEUELL, Assistant Superintendent, in his official capacity

    Defendants.

## AMENDED COMPLAINT

COMES NOW, your Plaintiff, Kara Kowalski, and for her Amended Complaint says as follows:

### JURISDICTION

1. This Court has jurisdiction pursuant to the First, Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States; the Civil Rights Act of 1871, 42 U.S.C. §1983; 28 U.S.C. §1331 and §1343. Declaratory relief is authorized by 28 U.S.C. §2201 and §2202.

2. This Court has pendant jurisdiction pursuant to W.Va. Code § 18-20-1 *et seq.* and W.Va. Code § 55-13-1 *et seq.* (West Virginia Declaratory Judgment Act) and under the common law of West Virginia.

### Parties

1

3. That Plaintiff is a bona fide resident of Berkeley County, West Virginia

4. That the Plaintiff is a 2006 graduate of Musselman High School, Berkeley County, West Virginia and was an adult and a student at Mussselman High School at all times pertinent hereto.

5. That the Defendant Berkeley County Public Schools is a public school district doing business in Berkeley County, West Virginia.

6. That the Defendant Manny P. Arvon, II, is employed as Superintendent of schools by the Defendant Berkeley County Public Schools and whose place of residence is unknown.

7. That the Defendant Ronald Stephens is and was employed as a school principal by the Defendant Berkeley County Public Schools and whose place of residence is unknown.

8. That the Defendant Becky J. Harden is and was employed as a Vice Principal by the Defendant Berkeley County Public Schools and whose place of residence is unknown.

9. That the Defendant Buffy Ashcraft is and was employed as a teacher and cheerleading coach by the Defendant Berkeley County Board of Education and whose place of residence is unknown.

10. That the Defendant Rick Deuell was an assistant superintendent and human rights officer of the Berkeley County Board of Education at all times pertinent hereto and whose place of residence is unknown.

**Factual Allegations**

11. That on or about December 1, 2005, Plaintiff, at home on her home computer, created a MySpace.com group and invited friends to join the public membership group which is accessed as a webpage on the internet.

12. That by creating the group, Plaintiff became what MySpace.com refers to as the

"moderator".

13. That anyone joining such group is able to post comments and/or pictures on the group page without permission from or the knowledge of the moderator

14. That on or about December 1, 2005 a friend who was invited to join the said MySpace group logged in and accessed the group webpage and, without Plaintiff's knowledge, posted pictures of a fellow student which he had altered.

15. That on or about December 1, 2007 the friend who posted the altered picture received a complaint about the picture and, thereafter, removed the posted picture or pictures.

16. That on or about December 2, 2005 the student whose picture had been altered and posted complained to the principal of Musselman High School, Ronald Stephens, Becky J. Harden or other school personnel.

17. That at no time prior to the removal of the picture did the Plaintiff have any knowledge of the posting of the picture or in any way sanction or participate in the posting of the picture or any comments about the picture on the webpage.

18. That said school personnel received and acted on said complaint in contravention of the procedures set forth in the Musselman High School Student Handbook which allowed for receipt of complaints under the Harassment, Bullying and Intimidation Policy by the principal or Mr. Deuell only if the complainant was a victim of prohibited acts "…while on school property or at a school-sponsored event."

19. That on or about December 2, 2005 the Plaintiff received a disciplinary referral from Becky J. Harden, vice principal, and was suspended from school on the grounds that she had allegedly created a "hate chat room against another student" in violation of the Harassment, Bullying and Intimidation Policy.

3

20. That the Board's Harassment, Bullying and Intimidation Policy states that "The Berkeley County Board of Education prohibits any form of racial, sexual, religious/ethnic and disability harassment or violence or any bullying or intimidation by any student, school employee or member of the public, during any *school-related activity or during any education-sponsored event,* whether in a building or other property owned, use (sic) or operated by the Berkeley County Board of Education." [Emphasis added]

21. That Plaintiff could not possibly have been on notice that her actions could be considered to be a violation of the aforementioned policy as she initiated the MySpace page at night, at home, on her home computer and it contained no form of racial, sexual, religious/ethnic or disability harassment or violence or any bullying or intimidation by her.

22. That the Plaintiff was initially suspended from school for ten (10) days with a 90 day social suspension which was reduced to a five (5) day suspension from school after Plaintiff's father spoke to assistant superintendent Rick Deuell.

23. That as a direct result of the charge and suspension Plaintiff was removed and banned from the cheerleading squad by Buffy Ashcraft and/or Ronald Stephens.

24. That as a direct result of the charge and suspension Plaintiff was prohibited from participating in the Charm Review activities of which she was the reigning "Queen of Charm" by Ronald Stephens

25. That neither Mr. Deuell nor any other school personnel afforded Plaintiff or her father an opportunity to appeal or challenge the suspension or removal from cheerleading and charm review.

26. That the school board does not have any appeal procedure for students suspended under the Harassment, Bullying and Intimidation Policy but only for those recommended for

4

expulsion from school.

27. That the suspension of the Plaintiff violated the Board's Harassment, Bullying and Intimidation Policy and West Virginia Code §18A-5-1 and § 18A-5-1a(c)

28. That Plaintiff believes and therefore alleges that Superintendent Manny Arvon was aware of the discipline and intentionally, or with deliberate indifference, allowed the discipline to be imposed, including the Plaintiff's removal from the cheerleading squad and from Charm Review activities.

29. That Mr. Arvon, Mr. Deuell, Mr. Stephens, Ms. Harden, and Ms. Ashcraft were all aware that the discipline was being imposed under the aforementioned school board policy and knew that such policy was only enforceable for certain actions "during any school-related activity or during any education-sponsored event".

30. That Mr. Arvon and Mr. Deuell acted with deliberate indifference to the risk that a violation of Plaintiff's constitutional rights to free speech, due process, equal protection and freedom from cruel and unusual punishment would follow the decision to impose the discipline or to allow the discipline to stand.

31. That the said Harassment, Bullying and Intimidation Policy of the school board is unconstitutionally overbroad and/or ambiguous.

32. That the said Harassment, Bullying and Intimidation Policy was applied in a unconstitutional manner as to Plaintiff.

33. That the unconstitutional policy and/or the unconstitutional application of the said Harassment, Bullying and Intimidation Policy to Plaintiff's acts had a chilling effect on Plaintiff's free speech rights for the balance of the school year.

34. That the Defendant school board has a pattern of practice or custom of violating

students' free speech rights, to-wit: approximately twelve (12) students at Musselman High School other than Plaintiff were suspended for joining the web page group started by the Plaintiff and making such comments on the page as "I love you Kara" or "lol" among others.

35. That the Defendant school board acted with deliberate indifference to the risk that a violation of Plaintiff's constitutional rights to free speech, due process, equal protection and freedom from cruel and unusual punishment would occur by failing to provide adequate training for the other Defendants to prevent such violation.

36. That Plaintiff believes and therefore alleges that there were other students in the Berkeley County Public Schools and in Musselman High School that had web pages on MySpace.com or other social networking internet sites that were not subjected to discipline for those web pages.

37. That students at other Berkeley County public schools who joined the subject MySpace group were not suspended.

38. That the Plaintiff denies that she violated any school, county, state or Federal policy or law.

39. That the Plaintiff was never afforded a hearing or opportunity to be heard by the school board in opposition to the disciplinary actions taken by the Defendants contrary to County, State, and Federal policy and law.

40. That there was no notice given to Plaintiff that there was a policy against internet web pages or that there were any disciplinary consequences for having an internet webpage.

41. That as a result of the false accusations, unlawful disciplinary actions and exclusion from cheerleading and charm review by Defendants Stephens, Harden, and Ashcraft, the Plaintiff was subjected to ostracism by her teachers and fellow students.

42. That the Plaintiff experienced loss of enjoyment of life, severe emotional distress, depression, embarrassment, humiliation, physical injury and pain and suffering as a result of the Defendant Stephens, Harden, and Ashcraft's false accusations, unlawful disciplinary actions, and exclusion from cheerleading and charm review, making her attendance at school virtually intolerable.

43. That Plaintiff continues to experience loss of enjoyment of life, severe emotional distress, depression, embarrassment, humiliation, and pain and suffering as a result of the Defendants' false accusations, unlawful disciplinary actions, and exclusion from cheerleading and charm review.

44. That the Defendants Stephens, Harden and Ashcraft's actions violated Plaintiff's rights of free speech, due process of law, equal protection of law, as guaranteed by the First, Fifth, and Fourteenth Amendments of the United States Constitution and the West Virginia State Constitution.

45. That Defendants Stephens, Harden, and Ashcraft's actions constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and the West Virginia Constitution

46. That all of the Defendants' actions as set forth herein were carried out under color of law.

47. That all of the Defendants' actions as set forth herein injured Plaintiff in that such actions deprived the Plaintiff of rights, privileges and immunities provided by the Constitution of the United States and the state of West Virginia

48. That the actions of Defendants Ronald Stephens, Becky J. Harden, Buffy Ashcraft as set forth herein were negligent, wanton and reckless and were the proximate cause of

7

Plaintiff's injuries, to-wit: she suffered loss of enjoyment of life, emotional distress, depression, embarrassment, humiliation, pain and suffering and physical injury as a direct and proximate cause of said Defendants' actions as set forth herein.

49. That the allegation by Defendants Stephens and Harden that Plaintiff created a hate chat room against another student was untrue and has been or may be published to third parties by placement in Plaintiff's school records and transmittal of those records to others including but not limited to any institutions of higher education, employers and/or training programs exposing her to exclusion, ostracism, loss of reputation, defamation of character, embarrassment, and humiliation.

## COUNT I

### 42 U.S.C. § 1983; VIOLATION OF CONSTITUTIONAL RIGHT OF FREE SPEECH UNDER THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUITION AND THE WEST VIRGINIA STATE CONSTITUTION

50. The Plaintiff incorporates by reference each and every allegation set forth and contained in paragraphs 1 through 49 inclusive.

51. Defendants Stephens, Harden and Ashcraft knew that Plaintiff had a clearly established right of free speech without interference or sanction where such speech was non-student/non-school-sponsored and they knew that they lacked any authority under the law or school policy to subject Plaintiff to disciplinary action at school for using her home computer to set up a group on MySpace.com. and that such actions violated her right of free speech.

52. Defendants Deuell and Arvon acted with deliberate indifference to the decisions of Stephens, Harden and Ashcraft and/or to the misapplication of the board's Harassment, Bullying and Intimidation policy which resulted in the violation of Plaintiff's right of free speech.

53. The Defendant School Board's Harassment, Bullying and Intimidation policy violated Plaintiff's right of free speech in so much as it is overbroad and/or ambiguous so as to call for or allow discipline for non-student/non-school sponsored speech, i.e. private out of school speech.

54. The Defendant School Board maintains, allows and condones a practice and custom of disciplining students for non-student/non-school sponsored speech, i.e. private out of school speech, in violation of their rights of free speech as was evidenced by the suspension of Plaintiff and approximately twelve (12) other students for joining the MySpace group.

55. The Defendant School Board acted with deliberate indifference to the risk of violation of student rights by failing to provide appropriate training to its personnel on the implementation of the School Board's Harassment, Bullying and Intimidation Policy.

56. The unlawful application of the school board's Harassment, Bullying and Intimidation Policy to Plaintiff's initiation of a MySpace webpage had a chilling effect on Plaintiff's right of free speech for the remainder of her time in the public school.

57. Plaintiff was injured by the Defendants violation of her right to free speech as set forth hereinabove, to-wit: she suffered loss of enjoyment of life, emotional distress, depression, embarrassment, humiliation, and pain and suffering as a direct and proximate cause of Defendants' action as set forth herein.

58. Plaintiff is entitled to compensatory damages and attorney fees.

### COUNT II

**42 U.S.C. § 1983; VIOLATION OF CONSTITUTIONAL RIGHT OF DUE PROCESS UNDER THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUITION AND THE WEST VIRGINIA STATE CONSTITUTION**

9

59. The Plaintiff incorporates by reference each and every allegation set forth and contained in paragraphs 1 through 58 inclusive.

60. Defendant school board had no policy which notified Plaintiff that she could suffer disciplinary action for her private out of school use of the internet or the establishment of an internet webpage. To the extent that the Harassment, Bullying and Intimidation Policy allows for discipline of non-student/non-school-sponsored speech, i.e. private out of school speech, it is constitutionally overbroad and/or ambiguous.

61. Defendant school board failed to provide an appeal process or notify Plaintiff of any such appeal process through which she could appeal the decision to suspend her out of school for five (5) days.

62. Defendant school board, Stephens, and Ashcraft failed to provide any notice and/or hearing before excluding Plaintiff from the cheerleading squad and charm review.

63. Defendants Arvon and Deuell showed a deliberate indifference to the decisions of Stephens, Harden, and Ashcraft in violation of the Plaintiff's right to due process.

64. Plaintiff was injured by the Defendants actions in violation of her right to due process as set forth hereinabove, to-wit: she suffered loss of enjoyment of life, emotional distress, depression, embarrassment, humiliation, and pain and suffering as a direct and proximate cause of Defendants' action as set forth herein.

65. Plaintiff is entitled to compensatory damages and attorney fees.

### COUNT III

**42 U.S.C. § 1983; VIOLATION OF CONSTITUTIONAL RIGHT OF**

## EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUITION AND THE WEST VIRGINIA STATE CONSTITUTION

66. The Plaintiff incorporates by reference each and every allegation set forth and contained in paragraphs 1 through 65 inclusive.

67. The Defendant School Board, Stephens, Harden, and Ashcraft treated Plaintiff differently in an irrational manner from other Berkeley County Board of Education students who were similarly situated, i.e. who initiated and maintained MySpace web pages or web pages on other social networking sites on the internet, and who were not suspended or disciplined under the Harassment, Bullying and Intimidation Policy.

68. Defendants School Board, Arvon and Deuell showed a deliberate indifference to the irrationally disparate treatment of Plaintiff from other Berkeley County Board of Education students who were similarly situated, i.e. who initiated and maintained MySpace web pages or web pages on other social networking sites on the internet, and who were not suspended or disciplined under the Harassment, Bullying and Intimidation Policy, which violated Plaintiff's right to equal protection.

69. Plaintiff was injured by the Defendants actions in violation of her right to equal protection as set forth hereinabove, to-wit: she suffered loss of enjoyment of life, emotional distress, depression, embarrassment, humiliation, physical injury, and pain and suffering as a direct and proximate cause of Defendants' action as set forth herein.

70. Plaintiff is entitled to compensatory damages and attorney fees.

## COUNT IV

### 42 U.S.C. § 1983; VIOLATION OF CONSTITUTIONAL RIGHT OF FREEDOM FROM CRUEL AND UNUSUAL PUNISHMENT UNDER THE

11

## EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUITION AND THE WEST VIRGINIA STATE CONSTITUTION

71. The Plaintiff incorporates by reference each and every allegation set forth and contained in paragraphs 1 through 70 inclusive.

72. Defendants Stephens, Harden and Ashcraft's actions in excluding Plaintiff, in her senior year of high school, from privileges she had earned through her efforts and academic achievement throughout her school career, to-wit: cheerleading and charm review activities, constituted cruel and unusual punishment.

73. Defendant School Board, Arvon, and Deuell showed a deliberate indifference to the decisions of Stephens, Harden, and Ashcraft to exclude Plaintiff from cheerleading and charm review which caused Plaintiff to suffer cruel and unusual punishment.

74. Plaintiff was injured by the Defendants actions in violation of her right to freedom from cruel and unusual punishment as set forth hereinabove, to-wit: she suffered loss of enjoyment of life, emotional distress, depression, embarrassment, humiliation, physical injury and pain and suffering as a direct and proximate result of Defendants' action as set forth herein.

75. Plaintiff is entitled to compensatory damages and attorney fees.

## COUNT V

## DECLARATORY JUDGMENT

76. The Plaintiff incorporates by reference each and every allegation set forth and contained in paragraphs 1 through 76 inclusive.

77. The Plaintiff is entitled to a judgment as a matter of law that the Berkeley County Board of Education Harassment, Bullying and Intimidation Policy is unconstitutionally

overbroad and/or ambiguous where school personnel perceive or understand such policy to allow them to impose discipline on students for non-student/non-school-sponsored speech, i.e. private out of school speech.

## COUNT VI

### INJUNCTION

78.     The Plaintiff incorporates by reference each and every allegation set forth and contained in paragraphs 1 through 77 inclusive.

79.     The Disciplinary Referral issued against Plaintiff which states that she created a hate chat room against another student is part of the Plaintiff's school record which record has been and/or may be published to third parties.

80.     The allegations contained in the said Discipline Referral are false and expose Plaintiff to damage to her reputation, ostracism, exclusion, shame and humiliation.

81.     The Plaintiff is entitled to an injunction requiring Defendant School Board to expunge the discipline referral, notation of suspension, and any other documents related to the discipline and suspension from her school record and to send corrected records to any third parties to whom transcripts or school records containing reference to the discipline or suspension were sent.

## COUNT VII

### NEGLIGENT, WANTON, RECKLESS AND MALICIOUS INFLICTION OF EMOTIONAL DISTRESS

82.     The Plaintiff incorporates by reference each and every allegation set forth and contained in paragraphs 1 through 81 inclusive.

83.     Defendants Stephens, Harden, Ashcraft and Deuell were negligent,

wanton and reckless in disciplining Plaintiff for her non-student/non-school sponsored activities.

84. Defendants Stephens, Harden, Ashcraft and Deuell were negligent, wanton and reckless in disciplining Plaintiff for speech or actions that did not violate any school policy.

85. Defendants Stephens, Harden, Ashcraft and Deuell were negligent, wanton and reckless in publishing false information about Plaintiff to third parties.

86. That as a direct and proximate result of the negligence, wantonness and recklessness of Defendants Stephens, Harden, Ashcraft and Deuell, the Plaintiff suffered damage to her reputation, loss of enjoyment of life, severe emotional distress, depression, embarrassment, humiliation, and physical injury all resulting in conscious pain and suffering.

87. That Defendant Stephens imposed discipline on the Plaintiff as aforesaid in bad faith to please another student with whom he had a special relationship causing the Plaintiff to suffer damage to her reputation, loss of enjoyment of life, severe emotional distress, depression, embarrassment, humiliation, and physical injury all resulting in conscious pain and suffering

87. That at graduation practice for 2005-2006 school year, Defendant Stephens, without warning and against her will, hugged Plaintiff and whispered in her ear in front of the other students maliciously, and with wanton and reckless disregard, causing her extreme humiliation, embarrassment and emotional distress.

88. Plaintiff is entitled to compensatory damages.

WHEREFORE, Plaintiff demands judgment against the Defendants Berkeley County Public Schools, Manny P. Arvon, II, Rick Duell, Ronald Stephens, Becky J. Harden, and Buffy Ashcraft for compensatory damages in the amount of ONE MILLION DOLLARS

($1,000,000.00) including, but not limited to, compensation for violation of her civil rights and libel and slander, loss of enjoyment of life, severe emotional distress, depression, embarrassment, humiliation, and physical injury resulting in pain and suffering together with all pre and post judgment interest, costs and attorneys fees incurred in this civil action.

    The Plaintiff demands a jury trial.

KARA KOWALSKI, Plaintiff<br>
By Counsel

_____
Nancy A. Dalby
NANCY A. DALBY, ATTY AT LAW, PLLC
202 N. Charles Street
Charles Town, WV 25414
(304) 728-2063
WV Bar # 4351