IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
At Martinsburg

KARA KOWALSKI,

     Plaintiff,

v.                                          Civil Action No. 3:07-CV-147
                                          Judge John Preston Bailey

BERKELEY COUNTY PUBLIC SCHOOLS, et al.

     Defendants.

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THEIR MOTION TO DISMISS THE AMENDED COMPLAINT

COME NOW Defendants, the Berkeley County Board of Education (the "Board"), Manny P. Arvon, III, Ronald Stephens, Becky J. Harden, Buffy Ashcraft and Rick Deuell (collectively the "Individual Defendants"), by and through their attorneys, Tracey B. Eberling and Steptoe & Johnson PLLC, and respectfully submit their Reply to the Plaintiff's Response to their Motion to Dismiss the Plaintiff's Amended Complaint.  Because the Plaintiff has not demonstrated any basis for denial of the Defendants' Motion, the Defendants' Motion should be granted.

### I. RULE 12(b)(6) STANDARD

The Defendants have established that the Plaintiff fails to state a claim against any of them under any of the myriad theories alleged in her Amended Complaint.  Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates dismissal if a Plaintiff's Complaint fails to state a claim upon which relief can be granted.  In evaluating a Rule 12(b)(6) motion to dismiss, the Court should assume all of the well-pled allegations to be true, resolve all reasonable inferences

in favor of the Plaintiff, and view the allegations in a light most favorable to the Plaintiff.

*Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999).

The United States Supreme Court recently addressed the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). The Court noted:

> . . . *Conley's* "no set of facts" language has been questioned, criticized, and explained away long enough.  To be fair to the *Conley* Court, the passage should be understood in light of the opinion's preceding summary of the complaint's concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief.  But the passage so often quoted fails to mention this understanding on the part of the Court, and after puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  *Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.

*Id.* at 1969 (internal citations omitted).  In clarifying the standard of dismissal, the Court approvingly reiterated that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations... a Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a *formulaic* recitation of the elements of a cause of action will not do, . . ."  *Bell Atlantic Corp.*, 127 S.Ct. at 1964-65 (citations omitted)(emphasis in original).  A Plaintiff is not entitled to merely assert a claim that is "conceivable" in order to defeat a Rule 12(b)(6) motion; instead, a Plaintiff must assert a claim for relief that is "plausible on its face." *Id.* at 1973-74.

The Court also warned that a plaintiff's assertions of legal conclusions should not be taken as true when considering a motion to dismiss.  *See Taubman Realty Group Ltd. P'ship v. Mineta*, 320 F.3d 475, 479 (4th Cir. 2003).  Moreover, neither conclusory, unwarranted deductions of fact nor unreasonable inferences should be accepted as true. *Veney v. Wyche*, 293

F.3d 726, 730 (4th Cir. 2002). It is within this framework that the Defendants' motion to dismiss must be evaluated, notwithstanding the Plaintiff's repeated urging that all of her allegations must be taken as true.

The Defendants' Motion established why the claims against them must be dismissed as a matter of law, and also addressed why each of the Plaintiff's substantive counts are legally insufficient so as to state a claim that withstands scrutiny under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

II.    **The Claims Against All Defendants Should Be Dismissed for Failure to State Claim Upon Which Relief Can Be Granted**

The claims against the Defendants should be dismissed as they are entitled to both state and federal common law and statutory immunity for the claims against them. The Plaintiff's state law claims against the Board of Education and all of the Defendants are also legally insufficient and must be dismissed.

A.    **Defendants Are Entitled to Immunity**

1.    **Elementary and Secondary Education Act**

Plaintiff makes no colorable legal argument that the ESEA does not apply to the facts of the present case. The lack of precedent interpreting the application of the ESEA does not alter the validity of the federal legislation. The applicable section of the ESEA does not except civil rights or tort claims from its scope, indeed, the exemptions from immunity are clearly defined and none apply to the claims made by the Plaintiff. The Defendants are entitled to immunity from the claims set forth in the Amended Complaint under this federally-enacted legislation.

## 2. Immunity – Supervisory Liability Claims

The Board of Education, Manny Arvon, and Rick Deuell are all entitled to immunity for the claims of supervisory liability.  The Defendants cannot be subject to liability under a theory of respondeat superior under 42 U.S.C. § 1983 by established precedent: any such claim against them must be based on a claim that they had actual or constructive knowledge of a risk of constitutional injury, deliberate indifference to that risk and an affirmative causal link between their inaction and the constitutional injury suffered by the plaintiff.  *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999).  The only facts alleged in support of the Plaintiff's claims against these Defendants are that Mr. Arvon was aware that 12 students had been suspended in relation to the subject incident and Mr. Deuell considered and reduced the number of days of the Plaintiff's suspension.  The remainder of the allegations are summary legal assertions.  Plaintiff offers no legal support to establish that another standard applies to §1983 supervisory liability claims.  The Court need only take the Plaintiff's factual assertions as true.  The conclusory legal allegations cannot serve to overcome the fact that the Plaintiff has not alleged the predicate facts necessary to demonstrate that these Defendants are not entitled to immunity from the claims against them.  Accordingly, the Board of Education, Mr. Arvon and Mr. Deuell should be dismissed from this action.

## 3. Defendants Stephens, Harden, and Ashcraft Are Entitled to Qualified Immunity  As They Violated No Clearly Established Right of the Plaintiff

These Defendants have established that they are entitled to qualified immunity for the Plaintiff's §1983 claims.  Prior to having been granted leave to amend her Complaint, the parties briefed the issues raised in the Defendants' Motion to Dismiss.  The Plaintiff was, thus

certainly aware that the Defendants would assert immunities and by filing an Amended Complaint, she had ample opportunity to plead any existing facts to foreclose the application of immunity.

The Defendants are aware that all Berkeley County school students possess certain constitutional rights:  they certainly do not claim ignorance of the provisions of the United States Constitution.  It is not a lack of knowledge that the Defendants assert, rather that immunity must be extended to the individual Defendants because, as a matter of law, the Plaintiff cannot establish that the Defendants' actions violated a clearly established constitutional right of the Plaintiff.[1]

The threshold question in analyzing whether a state actor is entitled to qualified immunity is whether a constitutional or other right of the Plaintiff has been violated.  The inquiry then turns to whether that right is "clearly established."  "To prove that a clearly established right has been infringed upon, a plaintiff must do more than allege that an abstract right has been violated. Instead, the plaintiff must make a 'particularized showing' that a 'reasonable official would understand that what he is doing violated that right' or that 'in the light of preexisting law the unlawfulness of the action was apparent.' *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987)."  *Hutchison v. City of Huntington*, 198 W. Va. 139, 149 fn11, 479 S.E.2d 649, 659 fn 11 (1996).  Application of this analysis to the facts alleged in the Amended Complaint  demonstrates that the Defendants are entitled to qualified immunity on the "individual" capacity claims.

---

[1]Nothing in the Amended Complaint remotely suggests that the Defendants are "plainly incompetent" and thus not entitled to the application of qualified immunity.

a.      **First Amendment Claim**

The Defendants do agree with the Plaintiff in her statement that "the question in all of the cases is not whether students have a constitutional right of free speech but under what circumstances, if any, such speech can be regulated."  The Plaintiff again offers a string of citations of cases in which the scope of students' First Amendment rights and the right of school districts to regulate student speech was addressed.  The varying results of the cases offered by the Plaintiff, as well as those discussed in the Defendants' Motion, amply demonstrates that the Defendants Stephens, Harden and Ashcraft  are entitled to qualified immunity.

State and federal courts across the country have faced the student free speech issue under many varying fact patterns, and applied several different standards, yielding differing results.  To date, neither the United States Court of Appeals for the Fourth Circuit nor the United States Supreme Court have provided a bright line standard to be followed by school administrators when considering whether to take disciplinary action for student speech that originates off campus.  Some courts have employed the "substantial disruption" test, while others have upheld discipline imposed for speech found to be "vulgar, offensive, or otherwise contrary to the school's mission to inculcate the habits and manners of civility."  Given the unsettled and still developing state of the law, the Defendants cannot, as a matter of law, be charged under §1983 with violating a right of the Plaintiff that still, four years after the fact is still far from being clearly established.  Accordingly, the Plaintiff's claim under Count I of the Amended Complaint must be dismissed as the Defendants are entitled to qualified immunity.

**b.**     **Due Process**

Notwithstanding the value that the Plaintiff placed on her involvement in cheerleading and the Charm Review, participation in extracurricular activities does not rise to the level of a constitutionally protected property or liberty interest. *Truby v. Broadwater*, 332 S.E.2d 284 (1985); *Farver v. Board of Education* , 40 F. Supp.2d 323 (D. Md. 1999). As such, students are not entitled to procedural due process associated with these activities. *See Truby and Farver*. Accordingly, the Plaintiff fails to state a claim under 42 U.S.C. §1983 for the being removed from the cheerleading squad and for being barred from further participation in the "Charm Review" proceedings at the high school. All claims related to the Plaintiff's exclusion from these activities should be dismissed. As to her claim that she was not provided with notice of appeal, the mere fact that her suspension was reduced, reflects that she or her family was able to successfully challenge the length of the suspension. Moreover, the Plaintiff's final claim that the policy under which she was suspended was "constitutionally [sic] overbroad and/or ambiguous as it did not put her on notice that she could be subject to discipline for off campus activities," was addressed above as it is part and parcel of her claim of violation of her First Amendment rights.

The Plaintiff fails to state a claim for violation of her Fifth Amendment Due Process rights for any of the alleged infractions by the Defendants and Count II of the Amended Complaint must also be dismissed.

**c.**     **Equal Protection Claim**

The Plaintiff again offers no substantive response to the Defendants' argument that her Amended Complaint fails to state a claim for violation of her Equal Protection rights upon which relief can be granted. The Plaintiff plainly believes that the discipline she received

was unfair, yet even if the allegations contained in the Amended Complaint under Count II are taken as true by this court, they are still not sufficient to bar the application of qualified immunity.

Ms. Kowalski does not claim to be a member of a protected class in her Amended Complaint . The simple assertion that other students in the Berkeley County public school system created MySpace pages and weren't disciplined does not support a claim that she was irrationally treated differently from other people who are similarly situated. There are insufficient facts pled to demonstrate that these other students were similarly situated, i.e., that their MySpace pages were similar in nature or in content. Moreover, facts that were pled, in Paragraph 34 of the Amended Complaint, show that the Defendants imposed consistent discipline as the Plaintiff claims to be one of a group of 12 students who were **all** suspended for their involvement with the MySpace page created by the Plaintiff. She has not properly stated a claim for violation of her constitutional rights of Equal Protection, the threshold for a 42 U.S.C. §1983 action. Accordingly, the qualified immunity analysis ends here, and Count III, Plaintiff's claim for violation of her Equal Protection rights against the Defendants named in their individual capacities should be dismissed as a matter of law.

### d.     Eighth Amendment

The prohibition against Cruel and Unusual Punishment contained in the Eighth Amendment to the U.S. Constitution has been interpreted by the United States Supreme Court to apply **only to those convicted of criminal acts.** More than thirty years ago**,** the United States Supreme Court in *Ingraham v. Wright*, 430 U.S. 651 (1977) considered a student's claim that the constitutional provision applied in an education setting and the Court expressly ruled that the Cruel and Unusual Punishment Clause of the Eighth Amendment had no application to the use of

corporal punishment in public schools and upheld the dismissal of a student's action filed pursuant to 42 U.S.C. §1983.  The *Ingraham* Court carefully analyzed the history of the application of the Eighth Amendment and noted that it had been held by the Supreme Court only to serve to protect those convicted crimes.

Without the benefit of any legal authority contrary to the *Ingraham* ruling, the Plaintiff claims that a school's power to discipline students, coupled with the emotional effects she allegedly suffered as a result of her suspension from school and removal from two extracurricular activities, merits the reversal of a well-reasoned and long-standing precedent of the highest court in this nation.   Certainly, the U.S. Supreme Court's rejection of such an argument made by a student who had been subject to physical discipline demonstrates the lack of a legal foundation for the Plaintiff's claim.  Count IV of the Amended Complaint  must be dismissed as the Eighth Amendment has no application to these facts and fails to state a claim upon which relief can be granted.

### 4.    Defendants are Entitled to Statutory Immunity

The Plaintiff has not pled any facts to overcome the statutory immunity conferred to the individually named defendants under the Governmental Tort Claims and Insurance Reform Act. Employees of political subdivisions are immune from personal tort liability unless (1) their acts or omissions were manifestly outside the scope of employment or official responsibilities; (2) their acts or omissions were committed with malicious purpose, in bad faith, or in a wanton or reckless manner; or (3) liability is expressly imposed upon the employee by a statutory provision. W.Va. Code, 29-12A-5(b); *Brooks v. City of Weirton*, 503 S.E.2d 814, 202 W.Va. 246 (1998).  No exceptions have been alleged by the Plaintiff in this case nor do any apply to the facts as asserted in Plaintiff's Amended Complaint.  The assertion of the legal conclusion that the

9

defendants acted in bad faith is not sufficient.  Therefore, the Individual Defendants are entitled to have the Plaintiff's claims against them dismissed as a matter of law.

B.    **Plaintiff Fails to State a Claim for Infliction of Emotional Distress**

The Amended Complaint does not set forth **factual** allegations sufficient to state a claim for "negligent, wanton, reckless and malicious infliction of emotional distress."  The Court must again reject the Plaintiff's assertion that it "must accept as true the **allegations** in the complaint..." as an incorrect statement of the law.  No argument is offered by Plaintiff to establish that the law is anything but that set forth in the Defendant's Motion.  The scant facts offered by the Plaintiff in Count VII of the Amended Complaint do not support any of the elements of a claim under the difficult standard for recovery of claims of negligent or intentional infliction of emotional distress.

The Defendants have amply demonstrated by citing the applicable law that the factual allegations contained in the Amended Complaint do not rise to the level necessary to set forth a proper claim under the law under the state law theory.  Accordingly, the Plaintiff's claim as set forth in Count VII of the Amended Complaint must be dismissed.

C.    **Plaintiff is not Entitled to a Declaratory Judgment**

The Plaintiff has graduated and is no longer subject to the Berkeley County Board of Education's Harassment, Bullying, and Intimidation Policy.  As such, she plainly lacks a legally cognizable interest in the outcome of any decision on this issue, and this claim, therefore, does not constitute a "live case or controversy."   Moreover, Plaintiff has no reasonable expectation of being subject to the school's policies, procedures, and practices relating to the policy, and so doesn't fall within the exception for cases "capable of repetition, yet evading review.  This Court does not have jurisdiction to entertain this action because the United States Constitution limits

the court's jurisdiction to live cases and controversies.  *See* U.S. Constitution, Art. III, Section 2; *see also D.N. ex rel. Huff v. Penn Harris Madison School Corp.*, 2006 WL 2710596 (N.D. Ind. 2006).  Accordingly, Count V of the Plaintiff's Amended Complaint must be dismissed.

      D.      **<u>Plaintiff is not Entitled to Injunctive Relief</u>**

The Plaintiff is not entitled to injunctive relief as she has not even attemtped to set forth facts that would entitle her to such an extraordinary relief.  Moreover, the Defendants have demonstrated that all susbtantive counts of the Plaintiff's Amended Complaint should be dismissed for failure to state a claim against any of the Defendants.  So, too, must her claim for injunctive relief fail as not stating a proper claim for relief.

**III.**      **<u>Conclusion</u>**

The Plaintiff's Amended Complaint  fails both legally and factually to state a claim against any of the Defendants for the reasons set forth herein.  The Plaintiff's perception of injustice and feeling that the Board did not strictly follow its policies simply do not give rise to an actionable constitutional violation.  The law is well-established that government actors are entitled to immunity from suits that do not meet basic standards.  Accordingly, this Court should dismiss Plaintiff's action for failure to state a claim upon which relief can be granted pursuant to the provisions of Federal  Rule of  Civil  Procedure 12(b)(6) and based on the application of qualified immunity.

      WHEREFORE, the Defendants respectfully request that this Honorable Court grant their *Motion to Dismiss.*

Respectfully submitted this 22th day of July, 2008.

**BERKELEY COUNTY BOARD OF
EDUCATION, MANNY P. ARVON, III,
RONALD STEPHENS, BECKY J. HARDEN,
<u>BUFFY ASHCRAFT and RICK DEUELL</u>
By Counsel**


        /s/      **Tracey B. Eberling**
_____
Tracey B. Eberling, Esq.  (WVSB#6306)
STEPTOE & JOHNSON PLLC
1250 Edwin Miller Blvd.
P.O. Box 2629
Martinsburg, WV 25402
(304) 262-3532