IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

KARA KOWALSKI

    Plaintiff,

vs.                                          CIVIL ACTION NO. 3:07CV147

BERKELEY COUNTY PUBLIC SCHOOLS, and
MANNY P. ARVON, II, Superintendent, in his official capacity
RONALD STEPHENS, Principal, in his official capacity and individually,
BECKY J. HARDEN, Vice Principal, in his official capacity and individually
BUFFY ASHCRAFT, cheerleading coach, in her official capacity and individually
RICK DUELL, Assistant Superintendent, in his official capacity

    Defendants.

## CERTIFICATE OF SERVICE

I, Nancy A. Dalby, do hereby certify that I served a true and accurate copy of the *Motion for Nunc Pro Tunc and memo* and support upon the following Defendants by counsel as listed below, on this 19th day of November, 2008 by electronically filing of the Certificate of Service using the CM/ECF system.

                                                           /s/ **Nancy A. Dalby**
                                                           Nancy A. Dalby

Tracey Eberling, Esq.
Steptoe & Johnson PLLC
P.O. Box 2629
Martinsburg, WV 25402
eberlingt@steptoe-johnson.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

KARA KOWALSKI

    Plaintiff,

vs.

                          CIVIL ACTION NO. 3:07-CV-147
                          Judge John Preston Bailey

BERKELEY COUNTY PUBLIC SCHOOLS, and
MANNY P. ARVON, II, Superintendent, in his official capacity
RONALD STEPHENS, Principal, in his official capacity and individually,
BECKY J. HARDEN, Vice Principal, in his official capacity and individually
BUFFY ASHCRAFT, cheerleading coach, in her official capacity and individually
RICK DEUELL, Assistant Superintendent, in his official capacity

    Defendants.

## MOTION FOR *NUNC PRO TUNC* ORDER MAKING DISMISSAL OF CERTAIN CLAIMS FINAL

COMES NOW your Plaintiff, Kara Kowalski, and moves this court, pursuant to Rule 54(b) of the Fed. Rules of Civ. Pro. and 28 U.S.C. § 1291, to enter an order *nunc pro tunc* as of the date of the Order Granting In Part and Denying In Part Defendants' Motion to Dismiss, which makes the express determination that that there is no just reason for delay and the express direction for the entry of judgment of the dismissed claims, to-wit: Count I-Freedom of Speech and Count 7-Negligent and Intentional Infliction of Emotional Distress. Plaintiff makes her motion on following grounds and for the purpose of being able to immediately appeal the dismissals:

    1.    The dismissal of Plaintiff's Freedom of Speech claim will limit discovery and the presentation of expert witness evidence to the issues remaining in the case, to-wit: equal protection and due process violations. The evidence adduced on these issues

will be substantively and qualitatively different than that which would be adduced on the issue of freedom of speech/student speech. This evidence is not likely, therefore, to lead to a revision of the dismissal decision on this issue. Should this dismissal be reversed by the appellate court after final judgment as to all claims, this would lead to possible re-trial and significant delay and expense to both Plaintiff and Defendants of a final outcome.

2. Likewise, the dismissal of the state tort claims is not likely to be revised based on the evidence the court will hear on the constitutional violations issues. Should the dismissal of these claims be reversed by the appellate court, there is no doubt that litigation of these claims would have to start from scratch including discovery, trial preparation and presentation of evidence as to liability and damages. Some of the discovery on this claim would include evidence from witnesses that will be called on the issues of equal protection and due process who would therefore have to be called again to testify or to be deposed. Further, delay of trial on the tort claims should the dismissal be reversed is prejudicial to the Plaintiff in that witnesses may not be available or their recollections may be impaired by the passage of time.

3. The Order of Partial Dismissal so eviscerates the Plaintiff's lawsuit that continuation of the suit absent the dismissed claims and the prospect of re-trial on any claims the dismissal of which is reversed by an appellate court after trial becomes financially burdensome and may cause the Plaintiff to be unable to fully prosecute her action.

WHEREFORE, Plaintiff, for the reasons stated herein and in the accompanying Memorandum In Support, prays that the court enter and order *nunc pro tunc* to October 20, 2008 making the express determination that that there is no just reason for delay and

the express direction for the entry of judgment of the dismissed claims, to-wit: Count I-Freedom of Speech and Count 7-Negligent and Intentional Infliction of Emotional Distress.

                                                                     KARA KOWALSKI, Plaintiff
                                                                     By Counsel

/s/ Nancy A. Dalby
Nancy A. Dalby
NANCY A. DALBY, ATTY AT LAW, PLLC
202 N. Charles Street
Charles Town, WV 25414
(304) 728-2063
WV Bar # 4351

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

KARA KOWALSKI

    Plaintiff,

vs.

                                    CIVIL ACTION NO. 3:07-CV-147
                                          Judge John Preston Bailey

BERKELEY COUNTY PUBLIC SCHOOLS, and
MANNY P. ARVON, II, Superintendent, in his official capacity
RONALD STEPHENS, Principal, in his official capacity and individually,
BECKY J. HARDEN, Vice Principal, in his official capacity and individually
BUFFY ASHCRAFT, cheerleading coach, in her official capacity and individually
RICK DEUELL, Assistant Superintendent, in his official capacity

    Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A NUNC PRO TUNC ORDER

Rule 54(b) of the Federal Rules of Civil Procedure states as follows:

Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, cross claim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at anytime before the entry of a judgment adjudicating all the claims and the parties' rights and liabilities."

In *Williams v. Maxwell*, 396 F.2d 143,144 (4th Cir. 1968), the Fourth Circuit Court of Appeals, denying a petition for appeal, held as follows:

> The orders of the district court approving the preliminary report of the master and referring the case for findings on other issues do not contain the certificate required by 28 U.S.C. 1292(b) to facilitate an interlocutory appeal or the direction for the entry of a final judgment prescribed by Fed.R.Civ.P. 54(b). Under these circumstances the alleged errors are not reviewable by this court at this stage of the proceedings

In *Montgomery Ward v. Collins,* 237 F.2d 253, 254 (4th Cir. 1956), the Fourth Circuit Court of Appeal expressed its frustration with the inability to hear an appeal of an interlocutory order where a decision on the question which the appellant desired to present by the appeal might, if his contentions were sustained, end the litigation or advance its ultimate termination stating "... and much is to be said in favor of granting a right of appeal from interlocutory orders in such cases." The language of 28 U.S.C. § 1292 was subsequently amended to allow interlocutory appeal where the district judge certified the appeal.

In the present case, the ability to appeal the early stage dismissal of the freedom of speech and tort claims before any discovery has been conducted or dispositive motions made would advance the ultimate termination of the litigation if the dismissals are reversed by the appellate court. Because equal protection and due process claims remain, the dismissal of the freedom of speech and tort claims does not necessarily shorten the litigation process.

For the reasons stated herein and in the accompanying motion, the court should enter a *nunc pro tunc* order making its dismissal of the freedom of speech and tort claims a final judgment so that the Plaintiff can immediately appeal these dismissals to the appellate court. Any reversal of the dismissals, or either of them, now as opposed to after all other claims have been tried, will promote judicial economy and not penalize the Plaintiff by requiring significant additional expense to go through another round of

litigation. Further, if the dismissals are upheld, all parties will be in a better position to settle the matters remaining which could terminate the litigation or advance its ultimate termination.

Respectfully submitted,

*signature*

Nancy A Dalby, counsel for Plaintiff

3