IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**KARA KOWALSKI,**

    **Plaintiff,**

**v.**                                                      **Civil Action No.   3:07CV147**
                                                               **(BAILEY)**

**BERKELEY COUNTY PUBLIC SCHOOLS, et al.,**

    **Defendants.**

**ORDER DENYING PLAINTIFF'S MOTION FOR *NUNC PRO TUNC* ORDER MAKING DISMISSAL OF CERTAIN CLAIMS FINAL**

I.    Introduction

    This matter comes before the Court for consideration of Plaintiff's Motion for *Nunc Pro Tunc* Order Making Dismissal of Certain Claims Final [Doc. 60] filed on November 19, 2008.  As indicated in the motion, Plaintiff requests an interlocutory order from the Court certifying for appeal the denial of Plaintiff's claim for violation of her First Amendment right to free speech and Plaintiff's claims for negligent and intentional infliction of emotional distress as contained in this Court's October 20, 2008, Order Granting in Part and Denying in Part Defendants' Motion to Dismiss [Doc. 55].  At present, Plaintiff has already filed her Notice of Appeal with the United States Court of Appeals for the Fourth Circuit, and therefore, is requesting her relief *nunc pro tunc*.  For the reasons stated below, **Plaintiff's Motion for *Nunc Pro Tunc* Order Making Dismissal of Certain Claims Final [Doc. 60] is DENIED.**

II.     Legal Standards

In addition to orders deemed final due to jurisprudential exceptions and certain types of interlocutory appeals involving injunctive relief, federal appellate courts have jurisdiction over interlocutory orders properly certified for appeal by a district court under 28 U.S.C. §1292(b) or Fed. R. Civ. P. 54(b).  ***Dardar v. Lafourche Realty Co.***, 849 F.2d 955, 957 (5th Cir. 1988).  Section 1292(b) of Title 28 provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such an order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order.

28 U.S.C. § 1292(b).

Similarly, Fed. R. Civ. P. 54(b) enables a district court to direct entry of a final judgment for a particular claim or claims in a multi-claim action to establish federal appellate jurisdiction for an interlocutory appeal.  In order for relief to be proper under Rule 54(b), the movant must show that the judgment is final and that there is no just reason for delay in the entry of judgment.  ***Braswell Shipyards, Inc. v. Beazer East, Inc.***, 2 F.3d 1331, 1335 (4th Cir. 1993) (citing ***Curtis-Wright Corp. v. General Electric Co.***, 446 U.S. 1, 7-8 (1980).  However, "Rule 54(b) certification is recognized as the exception rather than the norm.  It should neither be granted routinely nor as an accommodation to counsel." ***Braswell Shipyards, Inc.***, 2 F.3d 1331 at 1335.  Moreover, the Fourth Circuit has provided that in determining whether there exists no just reason for delay, appropriate factors include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obligated to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.*

III.   Discussion

In support of her motion, the Plaintiff contends that relief is proper because of the need to conduct separate discovery should the Fourth Circuit find that Plaintiff's claim for violation of her First Amendment right to free speech and Plaintiff's claims for negligent and intentional infliction of emotional distress were proper.  In addition, the Plaintiff cites the fading memories of witnesses and the financial costs associated with relitigating this action should the Plaintiff prevail before the Fourth Circuit.

Initially, it bears mention that the Plaintiff has failed to identify a "controlling question of law as to which there is substantial ground for difference of opinion."  28 U.S.C. § 1292(b).  As such, Plaintiff has failed to show any entitlement to relief under 28 U.S.C. § 1292(b) and must therefore rely exclusively on Fed. R. Civ. P. 54(b).

However, after thorough review of Plaintiff's arguments in light of the controlling precedent, it is evident that the Plaintiff has failed to carry her burden under Rule 54(b) in establishing no just reason for delay.  Therefore, Plaintiff is not entitled to final judgments on the claims sought.  The Court notes that the hardships identified by the Plaintiff in her motion focus on those associated with relitigating the dismissed claims after a successful interlocutory appeal and do not speak to potential hardships in litigating the remainder of

plaintiff's claims in isolation.  Moreover, the Court finds that granting the requested relief could obligate the reviewing court to "consider the same issue a second time" in the event of a subsequent appeal.  **Braswell Shipyards, Inc.**, 2 F.3d 1331 at 1335.  As a final matter, the Court finds that the factors of judicial efficiency and economy of resources militate against granting the relief sought by Plaintiff.  Therefore, it is the determination of this Court that the Plaintiff is not entitled to an interlocutory order certifying for appeal the denial of Plaintiff's claim for violation of her First Amendment right to free speech and Plaintiff's claims for negligent and intentional infliction of emotional distress.

IV.     Conclusion

For the foregoing reasons, **Plaintiff's Motion for *Nunc Pro Tunc* Order Making Dismissal of Certain Claims Final [Doc. 60] is DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated: November 24, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE