IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
At Martinsburg

KARA KOWALSKI,

    Plaintiff,

v.

                                                Civil Action No. 3:07-CV-147
                                                Judge John Preston Bailey

BERKELEY COUNTY PUBLIC SCHOOLS, et al.

    Defendants.

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

COME NOW Defendants the Berkeley County Board of Education ("the Board"), Manny P. Arvon, III, Ronald Stephens, Becky J. Harden, Buffy Ashcraft and Rick Deuell, , by and through their attorneys, Tracey B. Eberling, and the law firm of Steptoe & Johnson PLLC and for their Answer to the Amended Complaint, states as follows:

### FIRST DEFENSE

The Plaintiffs' claims against the defendants, employees of a political subdivision of the State of West Virginia are barred by common law and statutory sovereign immunity and all defenses and limitations set forth in the Governmental Tort Claims and Insurance Reform Act, §29-12A-1 et seq. of the West Virginia Code.

### SECOND DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted and, therefore, the same should be dismissed for reasons including, but not limited to, the lack of subject matter jurisdiction and statutory immunity of these Defendants as set forth in Chapter 29, Article 12A, Section 1, et. seq of the West Virginia Code.

## THIRD DEFENSE

In response to the numbered paragraphs set forth in the Amended Complaint, these Defendants state as follows:

1. The Defendants state that the allegations set forth in paragraph 1 of the Amended Complaint call for legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny these allegations.

2. The Defendants state that the allegations set forth in paragraph 1 of the Amended Complaint call for legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny these allegations.

3. The Defendants generally admit the allegations set forth in paragraph 3 of the Amended Complaint, based upon information and belief.

4. The Defendants generally admit the allegations set forth in paragraph 4 of the Amended Complaint, based upon information and belief.

5. The Defendants generally admit the allegations set forth in paragraph 5 of the Amended Complaint.

6. The Defendants generally admit the allegations set forth in paragraph 6 of the Amended Complaint.

7. The Defendants generally admit the allegations set forth in paragraph 7 of the Amended Complaint.

8. In response to the allegations set forth in paragraph 8 of the Amended Complaint, the Defendants admit that Becky J. Harden was and is employed as an Assistant Principal by Berkeley County Schools.

9. The Defendants generally admit the allegations set forth in paragraph 9 of the Amended Complaint.

10. In response to the allegations set forth in paragraph 8 of the Amended Complaint, the Defendants admit that Rick Deuell was and is employed as an Assistant Superintendent by

Berkeley County Schools. The Defendants are presently without information sufficient to form a belief as to the truth of the remainder of the allegations and can neither admit nor deny the same.

11. The Defendants generally admit the allegations set forth in paragraph 11 of the Amended Complaint based upon information and belief.

12. The Defendants are without information sufficient to form a belief as to the truth of the matters set forth in paragraph 12 of the Amended Complaint and therefore, can neither admit nor deny the same.

13. The Defendants are without information sufficient to form a belief as to the truth of the matters set forth in paragraph 13 of the Amended Complaint and therefore, can neither admit nor deny the same.

14. The Defendants are without information sufficient to form a belief as to the truth of the matters set forth in paragraph 14 of the Amended Complaint and therefore, can neither admit nor deny the same.

15. The Defendants are without information sufficient to form a belief as to the truth of the matters set forth in paragraph 15 of the Amended Complaint and therefore, can neither admit nor deny the same.

16. In response to the allegations set forth in paragraph 16 of the Amended Complaint, the Defendants generally admit that a complaint was received by employees of the Berkeley County Schools about a webpage created by the Plaintiff.

17. The Defendants deny the allegations set forth in paragraph 17 of the Amended Complaint as phrased, based upon information and belief.

18. The Defendants deny the allegations set forth in paragraph 18 of the Amended Complaint as phrased. The Defendants further state that to the extent that the allegations call for legal conclusions, no response is required from them. To the extent that a response is required, said allegations are denied.

19. The Defendants generally admit the allegations set forth in paragraph 19 of the Amended Complaint.

20. In response to the allegations set forth in paragraph 20 of the Amended Complaint, the Defendants state that the Board's policy speaks for itself.

21. The Defendants deny the allegations set forth in paragraph 21 of the Amended Complaint.

22. The Defendants deny the allegations set forth in paragraph 22 of the Amended Complaint as phrased, but admit that the length of the Plaintiff's suspension was reduced.

23. The Defendants deny the allegations set forth in paragraph 23 of the Amended Complaint as phrased.

24. The Defendants deny the allegations set forth in paragraph 24 of the Amended Complaint as phrased.

25. The Defendants deny the allegations set forth in paragraph 25 of the Amended Complaint.

26. The Defendants deny the allegations set forth in paragraph 26 of the Amended Complaint.

27. The Defendants deny the allegations set forth in paragraph 27 of the Amended Complaint.

28. The Defendants deny the allegations set forth in paragraph 28 of the Amended Complaint as phrased.

29. The Defendants deny the allegations set forth in paragraph 29 of the Amended Complaint as phrased.

30. The Defendants state that the allegations set forth in paragraph 30 of the Amended Complaint call for legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny these allegations.

31. The Defendants state that the allegations set forth in paragraph 31 of the Amended Complaint call for legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny these allegations.

32. The Defendants state that the allegations set forth in paragraph 32 of the Amended Complaint call for legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny these allegations.

33. The Defendants state that the allegations set forth in paragraph 33 of the Amended Complaint call for legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny these allegations.

34. The Defendants state that the allegations set forth in paragraph 34 of the Amended Complaint call for legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny these allegations.

35. The Defendants state that the allegations set forth in paragraph 35 of the Amended Complaint call for legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny these allegations.

36. The Defendants deny the allegations set forth in paragraph 36 of the Amended Complaint.

37. The Defendants are without information sufficient to form a belief as to the truth of the matters set forth in paragraph 37 of the Amended Complaint and therefore, can neither admit nor deny the same.

38. The Defendants state that the allegations set forth in paragraph 38 of the Amended Complaint call for legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny these allegations.

39. The Defendants deny the allegations set forth in paragraph 39 of the Amended Complaint.

40. The Defendants deny the allegations set forth in paragraph 40 of the Amended Complaint as phrased.

41. In response to the allegations set forth in paragraph 41 of the Amended Complaint, the Defendants deny all allegations of wrongdoing and causation and further state that are without information to form a belief as to the truth of the Plaintiff's allegations

concerning her damages set forth in said paragraph. Strict proof of all damage is hereby demanded.

42. In response to the allegations set forth in paragraph 42 of the Amended Complaint, the Defendants deny all allegations of wrongdoing and causation and further state that are without information to form a belief as to the truth of the Plaintiff's allegations concerning her damages set forth in said paragraph. Strict proof of all damage is hereby demanded.

43. In response to the allegations set forth in paragraph 43 of the Amended Complaint, the Defendants deny all allegations of wrongdoing and causation and further state that are without information to form a belief as to the truth of the Plaintiff's allegations concerning her damages set forth in said paragraph. Strict proof of all damage is hereby demanded.

44. The Defendants state that the allegations set forth in paragraph 44 of the Amended Complaint call for legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny these allegations.

45. The Defendants state that the allegations set forth in paragraph 45 of the Amended Complaint call for legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny these allegations.

46. The Defendants state that the allegations set forth in paragraph 46 of the Amended Complaint call for legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny these allegations.

47. The Defendants state that the allegations set forth in paragraph 47 of the Amended Complaint call for legal conclusion to which no response is required. To the extent that a response is required, the Defendants deny these allegations.

48. In response to the allegations set forth in paragraph 48 of the Amended Complaint, the Defendants deny all allegations of wrongdoing and causation and further state that are without information to form a belief as to the truth of the Plaintiff's allegations

concerning her damages set forth in said paragraph. Strict proof of all damage is hereby demanded.

49. In response to the allegations set forth in paragraph 49 of the Amended Complaint, the Defendants deny all allegations of wrongdoing and causation and further state that are without information to form a belief as to the truth of the Plaintiff's allegations concerning her damages set forth in said paragraph. Strict proof of all damage is hereby demanded.

## COUNT I

50. In response to Paragraph 50 of the Amended Complaint, the Defendants incorporate their responses to Paragraphs 1 through 49 of the Amended Complaint as if fully set forth herein.

51. The Defendants deny all allegations set forth in paragraphs 51, 52, 53, 54, 55, 56, 57 and 58 of the Amended Complaint. The Defendants further state that to the extent that these paragraphs call for legal conclusions, no response is required from them. To the extent that a response is required, said allegations are denied. Strict proof of all damages is hereby demanded.

## COUNT II

52. In response to Paragraph 59 of the Amended Complaint, the Defendants incorporate their responses to Paragraphs 1 through 58 of the Amended Complaint as if fully set forth herein.

53. The Defendants deny all allegations set forth in paragraphs 60, 61, 62, 63, 64 and 65 of the Amended Complaint. The Defendants further state that to the extent that these paragraphs call for legal conclusions, no response is required from them. To the extent that a response is required, said allegations are denied. Strict proof of all damages is hereby demanded.

## COUNT III

54. In response to Paragraph 66 of the Amended Complaint, the Defendants incorporate their responses to Paragraphs 1 through 65 of the Amended Complaint as if fully set forth herein.

55. The Defendants deny all allegations set forth in paragraphs 67, 68, 69 and 70 of the Amended Complaint. The Defendants further state that to the extent that these paragraphs call for legal conclusions, no response is required from them. To the extent that a response is required, said allegations are denied. Strict proof of all damages is hereby demanded.

### COUNT IV

56. In response to Paragraph 71 of the Amended Complaint, the Defendants incorporate their responses to Paragraphs 1 through 70 of the Amended Complaint as if fully set forth herein.

57. The Defendants deny all allegations set forth in paragraphs 72, 73, 74 and 75 of the Amended Complaint. The Defendants further state that to the extent that these paragraphs call for legal conclusions, no response is required from them. To the extent that a response is required, said allegations are denied. Strict proof of all damages is hereby demanded.

### COUNT V

58. In response to Paragraph 76 of the Amended Complaint, the Defendants incorporate their responses to Paragraphs 1 through 75 of the Amended Complaint as if fully set forth herein.

59. The Defendants deny all allegations set forth in paragraph 77 of the Amended Complaint. The Defendants further state that to the extent that this paragraph call for legal conclusions, no response is required from them. To the extent that a response is required, said allegations are denied. Strict proof of all damages is hereby demanded.

### COUNT VI

60. In response to Paragraph 78 of the Amended Complaint, the Defendants incorporate their responses to Paragraphs 1 through 77 of the Amended Complaint as if fully set forth herein.

61.     The Defendants deny all allegations set forth in paragraphs 79, 80, and 81 of the Amended Complaint.  The Defendants further state that to the extent that these paragraphs call for legal conclusions, no response is required from them.  To the extent that a response is required, said allegations are denied. Strict proof of all damages is hereby demanded.

## COUNT VII

62.     In response to Paragraph 82 of the Amended Complaint, the Defendants incorporate their responses to Paragraphs 1 through 81 of the Amended Complaint as if fully set forth herein.

63.     The Defendants deny all allegations set forth in paragraphs 83, 84, 85, 86 and both paragraphs numbered 87 of the Amended Complaint.  The Defendants further state that to the extent that these paragraphs call for legal conclusions, no response is required from them.  To the extent that a response is required, said allegations are denied. Strict proof of all damages is hereby demanded.

## FOURTH DEFENSE

The Defendants affirmatively assert the defenses of contributory and/or comparative negligence, assumption of risk, collateral estoppel, and res judicata, settlement, accord and satisfaction, truth, and release.

## FIFTH DEFENSE

The Defendants formally assert the defense of statute of limitations in the event that discovery leads to facts which warrant its application.

## SIXTH DEFENSE

The Defendants plead all immunities available to them under state and federal constitutions, statutory law, and decisional law.

## SEVENTH DEFENSE

The Defendants were privileged and within the scope of their lawful authority in all actions taken.

## EIGHTH DEFENSE

The conduct of the Plaintiff was the cause of her injuries or damages, if any.

### NINTH DEFENSE

The Defendants assert the defenses of absolute privilege, qualified privilege, and the truth.

### TENTH DEFENSE

The Plaintiff, by her own conduct, is estopped from bringing this action.

### ELEVENTH DEFENSE

Plaintiff has suffered no injury as a result of any act or omission of the Defendants, or, in the alternative, she has failed to mitigate damages and damages alleged should be reduced accordingly.

### TWELFTH DEFENSE

The damages claimed by the Plaintiff are speculative and not foreseeable.

### THIRTEENTH DEFENSE

The conduct of another person or persons was the competent producing cause of the Plaintiff's injuries and damages, if any.

### FOURTEENTH DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted and, therefore, the same should be dismissed for reasons including, but not limited to the lack of subject matter jurisdiction, statutory immunity of Defendants as set forth in Chapter 29, Article 12A, Section 1, et. seq of the West Virginia Code.

### FIFTEENTH DEFENSE

Defendants did not maliciously, intentionally or recklessly harm plaintiff or deny Plaintiff anything to which she was entitled

### SIXTEENTH DEFENSE

The Defendants reserve the right to raise any and all further defenses which may be revealed during further litigation of this case.

### SEVENTEENTH DEFENSE

The Defendants acted at all times in good faith, and on the basis of reasonable, legitimate, nondiscriminatory business factors.

### EIGHTEENTH DEFENSE

The Amended Complaint attempts to state a claim against the funds of a public agency and as a political subdivision of the State, these Defendants are entitled to constitutional, statutory and common law immunity from suit and the suit is therefore barred.

### NINETEENTH DEFENSE

The Defendants are immune from any state law causes of action under the laws of the United States of America and the State of West Virginia.

### TWENTIETH DEFENSE

The Defendants acted reasonably and in good faith under the circumstances and, therefore, are immune from liability.

### TWENTY-FIRST DEFENSE

The conduct of these Defendants was not the competent producing cause of the Plaintiff's alleged damages.

### TWENTY-SECOND DEFENSE

The Defendants, not being fully advised of all facts and circumstances surrounding this action, reserve all those defenses set forth in Rule 8(c), 9 and 12 of the West Virginia Rules of Civil Procedure that may prove applicable through investigation and discovery.

### TWENTY-THIRD DEFENSE

Defendants plead sovereign immunity, qualified immunity, statutory immunity, lack of customary policy, lack of vicarious liability, lack of respondent superior, judicial and quasi judicial immunity, and all other forms of immunity including the immunity from punitive

damages set forth in the Governmental Tort Claims and Insurance Reform Act, §29-12A-1 et seq. of the West Virginia Code

    Strict proof of damages is hereby demanded.

    Defendants demand a trial by jury.

    WHEREFORE, having fully answered, the Defendants respectfully request that this Court dismiss this action as to each of them, with prejudice and to award them their costs.

                **BERKELEY COUNTY BOARD OF EDUCATION, MANNY P. ARVON, III, RONALD STEPHENS, BECKY J. HARDEN, <u>BUFFY ASHCRAFT and RICK DEUELL</u> By Counsel**

/s/    <u>Tracey B. Eberling</u>
Tracey B. Eberling, Esq. (WVSB#6306)
STEPTOE & JOHNSON PLLC
1250 Edwin Miller Blvd.
P.O. Box 2629
Martinsburg, WV 25402
(304) 262-3532