IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

KARA KOWALSKI,

    Plaintiff

v.                                        Civil Action No. 3:07-CV-147
                                           Judge John Preston Bailey

BERKELEY COUNTY PUBLIC SCHOOLS, et al.

    Defendants.

## PLAINITFF'S MOTION FOR SUMMARY JUDGMENT ON ISSUE OF VIOLATIN OF DUE PROCESS RIGHTS

COMES NOW your Plaintiff, Kara Kowalski, by and through counsel, and moves this court to enter an order granting her summary judgment on the issue of violation of her due process rights by the Defendants, on the following grounds:

1. Kara Kowalski testified under oath that she was not informed at the time that she was disciplined on December 2, 2005 by the Defendants for allegedly "creating a hate chat room against another student" that she was being charged with violating a school policy or that she had the right to appeal the discipline imposed. *Kowalski Deposition, Oct. 21, 2009*, at Pp. 180-182

2. Kara Kowalski testified under oath that she was required to sign a contract in which she agreed to be expelled if she had any further discipline referrals in order be allowed to come back to school in 5 days rather than the 10 days of suspension originally imposed by Ronald Stephens. *Kowalski Deposition, Oct. 21, 2009*, at Pp. 183-186  Kara Kowalski further testified that this document was not produced in response to her discovery requests for all documents related to the matter. *Kowalski Deposition, Oct. 21, 2009*, at Pp. 183-184

3. Defendant Stephens testified that he did not recall that Kara Kowalski was required to sign a contract to be allowed to come back to school but admits that his report of

investigation and recommendation for discipline contains a reference to the contract in his handwriting. *Stephens Deposition, Oct. 26, 2009*

4. Both Defendants Harden and Stephens agreed to produce copies of contracts students are required to sign at Musselman High School in discipline actions but have failed to do so. *Stephens Deposition, Oct. 26, 2009*, P. 76, *Harden Deposition, Oct. 26, 2009*, P. 75 (Defendants counsel has not produced the documents to Plaintiff's counsel as of the date of this pleading and objected to any extension of time to file dispositive motions) The fair inference to be drawn is that such contracts would be evidence of the schools system's violation of student due process rights.

5. Kara Kowalski testified under oath that she never knew that she was being disciplined under a particular school policy until after this lawsuit was filed. *Kowalski Deposition, Oct. 21, 2009*, at Pp. 181-182   Defendants Stephens and Harden testified that they did not show Kara Kowalski the school policy which they claimed she violated nor could they testify to the specific language of any policy claimed to have been violated. *Stephens Deposition, Oct. 26, 2009*, P. 52  *Harden Deposition, Oct. 26, 2009*, Pp. 47-48, 54

6. Kara Kowalski testified under oath that she was never informed that she could appeal the disciplinary action to the Board of Education. *Kowalski Deposition, Oct. 21, 2009*, at Pp. 182

7. Defendant Harden testified under oath that Kara Kowalski was upset and crying at the informal meeting she held with her about the disciplinary action and when she was told she was going to be suspended. *Harden Deposition*, Oct. 26, 2009, P.66

8. Kara Kowalski testified under oath that she was never provided a copy of a report of the school's investigation of the allegations against her for which she was disciplined.

*Kowalski Deposition, Oct. 21, 2009,* at Pp. 182.   Defendant Stephens testified that he prepared the a report of investigation which he provided to the Board of Education but that he did not provide a copy to Kara Kowalski as required by the allegedly violated school policy and, in fact, believed that he was not supposed to give it to her even though he testified that he had been trained on the policy. *Stephens Deposition, Oct. 26, 2009,* P. 59.

9.   Kara Kowalski testified under oath that she and her parents set up a meeting with Defendant Stephens but that he failed to show up or reschedule and that instead they were directed to meet with a person who claimed to know nothing about the incident or have any authority to do anything about the discipline action. *Kowalski Deposition, Oct. 21, 2009,* at Pp. 182-183

10.   Defendant Stephens testified under oath that his report of investigation to the Board of Education did not contain any information that was told to him that was contrary to his point of view or conclusions. *Stephens Deposition, Oct. 26, 2009,* Pp. 83   See Report of Investigation, Exhibit # 4 to *Stephens Deposition, Oct. 26, 2009*

11.   Kara Kowalski was not provided with due process in regard to the accusations and disciplinary action taken against her that resulted in her suspension from school for 5 days, her suspension from social activities at the school for 90 days, her being banned from the cheerleading squad, her being prohibited from participating in Charm Review—even though she was the reigning Queen of Charm—her being embarrassed, humiliated, shunned and caused to suffer from depression.

WHEREFORE, for the reasons stated hereinabove and in the Memorandum of Support attached hereto, Plaintiff prays that the court grant her summary judgment on the issue of violation of her Right to Due Process as set forth in Count II of the Amended Complaint.

<u>KARA KOWALSKI</u>
By counsel

<u>s/Nancy A. Dalby</u>
Nancy A. Dalby
NANCY A. DALBY, ATTY AT LAW, PLLC
202 N. Charles Street
Charles Town, WV 25414
(304) 728-2063
WV Bar #4351