IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION

KARA KOWALSKI,

    Plaintiff

v.                                          Civil Action No. 3:07-CV-147
                                            Judge John Preston Bailey

BERKELEY COUNTY PUBLIC SCHOOLS, et al.

    Defendants.

## MEMORANDUM IN SUPPORT OF PLAINITFF'S MOTION FOR SUMMARY JUDGMENT ON ISSUE OF VIOLATION OF DUE PROCESS RIGHTS

Partial summary judgment should be granted where it is shown that there is no genuine issue as to any material fact and the movant is entitled to summary judgment as a matter of law. *United Mine Workers of America, Local Union No. 6869*, 362 f. Supp. 1073 (S.D.W.Va. 1973)

In *Goss v. Lopez*, 419 U.S. 565, 576, 95 S.Ct. 729, the United States Supreme Court recognized that even short suspensions from school are serious deprivations of property interests in educational benefits temporarily denied and liberty interests in reputation, which is also implicated, and not so insubstantial that suspensions can be constitutionally imposed by any procedure the school chooses. The court further recognized that there will be situations involving short suspensions where more than rudimentary procedures are required. *Id.* At 584

In the present case, Kara Kowalski was not only suspended from school, initially for 10 days, but suspended from attending social events for 90 days, and eventually banned from the cheerleading squad and from participating in Charm Review. The discipline and resulting loss of privileges resulted in Ms. Kowalski being humiliated, shunned and suffering depression. However, Mr. Stephens failed to follow the school's own policy—which according to his own testimony he didn't even understand—by failing to provide Ms. Kowalski with a copy of his

investigation as required by the policy he said she violated and informing her that she had 10 days to appeal the findings and decision within 10 days. See Exhibit #1at p. 88(Harassment, Bullying and Intimidation Policy, Investigation and Recommendation) to the *Stephens Deposition, Oct. 26, 2009*.  The Board of Education's own policy must be construed by the court to set out the minimum due process to which Ms. Kowalski was entitled. And it would clearly not be fair to subject Ms. Kowalski to such dire and long range consequences for an alleged violation of a policy the violation of which by the Defendants themselves is merely excused.

Based on the sworn deposition testimony set forth in the Motion and the further reasons set forth herein, the court should grant the Plaintiff summary judgment on the issue of Violation of Due Process as set forth in Count II of the Amended Complaint.

Respectfully submitted,

s/Nancy A. Dalby

Nancy A. Dalby
Counsel for Plaintiff